In re González, Querellado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en causa por desacato en un procedimiento sobre administración judicial.

Moción de Juana Franco Oliver para que se desestime la apelación.

No. 1248.—Resuelto en enero 28, 1915.

Administración Judicial—Parte Interesada—Alimentos Provisionales.—En un procedimiento sobre administración judicial de los bienes de un finado es parte interesada la viuda, sobre todo si, como acontece en este caso, se ha dictado además una orden por virtud de la cual el administrador debía entregarle todos los meses cierta suma de dinero en concepto de alimentos provisionales.

Desacato—Desacato Civil—Desacato Criminal—Regla para Distinguirlos.— El desacato civil consiste en la desobediencia de una orden dictada en un procedimiento civil para beneficio de una parte contraria en el mismo. El criminal, en la ejecución de ciertos actos que redundan en falta de respeto a la corte o en la obstrucción de la administración de la justicia pública; o que tienden a producir descrédito para el tribunal, tales como: conducta desordenada o insultante en su presencia o en sus alrededores; violenta interrupción de sus procedimientos; intromisión en la propiedad que esté bajo su custodia, y mala conducta de sus funcionarios.

Id.—Parte Contraria en el Desacato Civil—Aplicación de la Regla a Este Caso.—Cuando el desacato es civil, la parte perjudicada por la desobediencia de la orden de la corte, es en realidad de verdad la parte contraria litigante, con interés e intervención en el resultado del desacato. Aplicada dicha regla al caso concreto que se resuelve, es necesario concluir que la viuda del finado, parte interesada y perjudicada por la desobediencia de la orden dictada en el procedimiento sobre administración judicial, es parte contraria en el desacato.

Id.—Desestimación de Apelación—Notificación del Escrito de Apelación.— No habiéndose notificado el escrito de apelación a una parte contraria realmente interesada, procede la desestimación del recurso.

Los hechos están expresados en la opinión.

Abogado de Juana Franco Oliver: *Sr. Juan García Ducós.*

El apelante no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso sobre desacato, y en él Juana Franco Oliver, por conducto de su abogado, presentó una

moción solicitando la desestimación del recurso, basándose en que la interposición del mismo no fué notificada ni a la peticionaria como parte interesada, ni al Fiscal.

De todos los documentos archivados en la Secretaría de esta Corte Suprema resulta que en el caso civil No. 1520, Pedro Deliz Sosa, *ex parte,* sobre administración judicial, tramitado en la Corte de Distrito de Aguadilla, compareció Juana Franco Oliver, alegando, en resumen, que la corte había ordenado al administrador judicial José González Abreu, que entregara mensualmente a la compareciente, viuda del finado Santos Deliz Sosa, cierta suma de dinero en concepto de alimentos provisionales, y que el administrador se había negado insistentemente a cumplir con dicha orden. La viuda Juana Franco Oliver terminó suplicando que se ordenara la comparecencia del administrador para ante la corte de distrito, a fin de que expusiera las causas por las cuales no se le debía castigar por desacato.

El administrador fué emplazado, y el 15 de octubre de 1914 comparecieron ante la corte el administrador y la viuda y tuvo lugar la vista de la moción sobre desacato. El 9 de noviembre de 1914, la corte dictó sentencia condenando al administrador a pagar a El Pueblo de Puerto Rico una multa de cincuenta dollars y en su defecto a un mes de cárcel. Contra esa sentencia interpuso el administrador recurso de apelación, habiéndose archivado la transcripción de los autos en la Secretaría de esta Corte Suprema el 12 de diciembre de 1914. En dicha transcripción figura el escrito de apelación, sin que aparezca que se notificara a parte alguna.

En tal estado el recurso, la viuda Juana Franco Oliver presentó la moción de desestimación a que nos referimos al principio, acompañada de una certificación expedida por el Secretario de la Corte de Distrito de Aguadilla, creditiva de que el escrito de la apelación interpuesta por el administrador González Abreu no fué notificado "al Fiscal ni a la parte que presentó la moción sobre desacato o sea a Doña Juana Franco Oliver, ni tampoco al abogado de ésta." De

la moción y de la certificación acompañada, se enviaron copias al abogado del administrador.

El 25 de enero actual se celebró en esta Corte Suprema la vista de la moción, cuyo señalamiento fué comunicado a los abogados de ambas partes, sin la asistencia de éstas, quedando el caso definitivamente sometido a nuestro estudio y resolución.

La primera cuestión que debemos considerar es la de si Juana Franco Oliver era o no parte interesada en el caso civil No. 1520, sobre administración judicial. A nuestro juicio no cabe duda alguna que lo era, pues se trataba de la administración judicial de los bienes de su finado esposo, habiéndose dictado además en dicho caso una orden por virtud de la cual el administrador debía entregarle todos los meses cierta suma en concepto de alimentos provisionales.

Aclarado este extremo, la segunda cuestión que surge es la de si dicha Juana Franco Oliver es o no parte interesada en el procedimiento de desacato.

Para resolver esta segunda cuestión debemos determinar primeramente la naturaleza civil o criminal del procedimiento de desacato seguido contra el administrador.

En el caso de *Oronoz* v. *Montalvo,* 21 D. P. R., 347, esta corte, por medio de su juez asociado Sr. Aldrey, se expresó como sigue:

"Es cierto, como sostiene el peticionario, que existe una división entre desacato propiamente criminal y el que generalmente se llama civil o cuasi desacato. La regla por la cual se distingue uno de otro puede sintetizarse diciendo que los desacatos civiles consisten en que una persona deje de hacer alguna cosa que la corte ordenó que hiciera para beneficio y ventaja de la otra parte en procedimientos ante el tribunal; mientras que el desacato criminal se realiza cuando se ejecutan ciertos actos que redundan en falta de respeto a la corte o a sus procedimientos, en la obstrucción de la administración de la justicia pública o que tienden a producir descrédito para el tribunal por conducta desordenada o insultante en su presencia o en los alrededores de la corte, o en actos de violencia que interrumpen sus procedimientos, así como en la desobediencia a sus órdenes, interven-

ción con la propiedad que está en su custodia o mala conducta de sus funcionarios. Rapalje on Contempts, pág. 25. *In re* Wilson, 17 Pac. Rep., 699; *Snow* v. *Snow*, 43 Pac. Rep., 621; *Gompers* v. *Buck's Stove & R. Co.*, 33 App. Cases, District of Columbia, 564; 9 Cyc., 6.

"Cuando el desacato es propiamente civil entonces la parte perjudicada por la desobediencia es realmente la parte contraria litigante, quien tiene interés e intervención como tal en el resultado del desacato. Así encontramos en muchos casos que las partes del pleito son las partes en el procedimiento de desacato y en la apelación cuando existe. *Hayes* v. *Fischer*, 102 U. S., 122, y casos citados anteriormente."

(*Oronoz* v. *Montalvo*, 21 D. P. R., 347.)

Aplicando la regla general expuesta, el caso que consideramos debe calificarse como de naturaleza civil, y siendo ello así, la segunda cuestión envuelta, esto es, la de si Juana Franco Oliver era o no parte interesada en el procedimiento de desacato, debe resolverse en la afirmativa.

Habiendo llegado a las anteriores conclusiones, se impone la desestimación del recurso basada en la falta de notificación a una parte contraria realmente interesada. Dicha falta de notificación, no sólo aparece de la misma transcripción archivada por el apelante, sino que se ha comprobado por la certificación expedida por el secretario de la corte sentenciadora. Además, la parte apelante tuvo una amplia oportunidad de probar que la notificación se había verificado en alguna forma que pudiera estimarse legal, y no lo hizo.

Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado. Art. 296 del Código de Enjuiciamiento Civil.

La falta de notificación a la parte contraria, produce la desestimación del recurso. *Candelas* v. *Ramírez*, 20 D. P. R., 33.

Siendo la notificación del escrito de apelación a la parte contraria un requisito esencial para que el recurso pueda

estimarse interpuesto, según exige el artículo 296 del Código de Enjuiciamiento Civil, debe desestimarse una apelación cuando de la transcripción de autos no consta que se haya cumplido esa formalidad. *Rondón* v. *Mollfulleda*, 16 D. P. R., 171.

Como la jurisdicción de esta corte para oir la apelación, no depende de que la notificación del recurso esté probada en el récord, sino de que realmente haya tenido lugar, no se desestimará el recurso si la parte apelante suministra prueba satisfactoria sobre ella, lo cual ha dejado de hacer en este caso. *Rondón* v. *Molfulleda, supra.*

Debe desestimarse el recurso.

> *Declarada con lugar la moción y desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.