SUCESORES DE L. VILLAMIL & COMPAÑÍA, S. EN C., DEMANDANTES Y APELANTES, *v.* SOLÁ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en un procedimiento hipotecario; orden denegando una moción para que se deje sin efecto la consignación hecha por un segundo acreedor hipotecario.

MOCIÓN del apelado Solá para que se desestime la apelación.

No. 1186.—Resuelto en mayo 27, 1915.

APELACIÓN—PARTES CONTRARIAS—PARTES AFECTADAS POR LA REVOCACIÓN Ó MODIFICACIÓN DE LA SENTENCIA APELADA.—De acuerdo con el artículo 296 del Código de Enjuiciamiento Civil, son partes contrarias en una apelación, no todas las que lo han sido en el juicio en el tribunal *a quo* sino solamente las que de ellas puedan ser afectadas por una revocación o modificación de la sentencia u orden apelada, por lo que la cuestión en el caso de autos es si la resolución de la apelación puede afectar los derechos de las personas que habiendo intervenido en el juicio o procedimiento no han sido hechas partes en la apelación mediante la notificación del recurso.

PROCEDIMIENTO HIPOTECARIO—APELACIÓN—PARTE CONTRARIA—CONSIGNACIÓN EN PAGO.—No es parte contraria un ejecutado en procedimiento hipotecario en la apelación contra una resolución para que se ordene que, subsanado cierto error que había en cuanto a intereses, no se admita la consignación en pago hecha por un segundo acreedor hipotecario y se anuncie una nueva subasta para hacer efectivas todas las obligaciones que se reclaman en el procedimiento, puesto que con ello no sufre el ejecutado perjuicio alguno sino más bien le beneficia, porque si en el remate se cubren todas las cantidades que se le reclaman quedaría libre de la obligación personal que pesa sobre él de pagar con sus otros bienes las cantidades que la consignación en pago no ha cubierto.

FUNCIONARIOS EJECUTIVOS — MÁRSHALS — ORDENES ERRÓNEAS — FUNDAMENTO DE LAS ORDENES.—Los funcionarios ejecutivos de los tribunales tienen que limitarse a cumplir estrictamente lo que se les ordena, sin detenerse a considerar las razones acertadas o erróneas en que la orden se funde, por lo que un márshal en el cumplimiento de una orden no debe examinar sus fundamentos para deducir de ella lo que el juez pudo ordenar si no estaba equivocado, pero que no lo ordenó.

VENTA JUDICIAL—ERROR EN EL EDICTO DE SUBASTA—DERECHOS DEL CONSIGNANTE.—El hecho de que se consignen en una venta judicial todas las cantidades mencionadas en el edicto de subasta, no da derecho al consignante para que se le tenga por subrogado en los derechos del ejecutante, cuando el edicto contiene error en cuanto a la cantidad adeudada y éste fué advertido en tiempo, con mayor razón en el presente caso en que el consignante, quien es un segundo acreedor hipotecario, sabía el error porque había sido notificado del auto de requerimiento de pago al deudor.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Savage & Francis* y *Fernando Vázquez.*

Abogados del apelado Celestino Solá: *Sres. C. B. Buitrago* y *José Martínez Dávila.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Como consecuencia de un procedimiento ejecutivo hipotecario seguido en el Tribunal de Distrito de Humacao por Don Ramón Vilar contra Don Marcelino Solá fué éste requerido por el márshal, como subrogado en la obligación hipotecaria de "Solá e Hijo" para que en término de treinta días pagase al ejecutante la cantidad de $1,500 por capital, $45 por intereses vencidos hasta el 31 de julio de 1912, los que posteriormente se vencieran, y $200 para costas y honorarios del abogado. El auto en que se ordenó el requerimiento fué notificado al posterior acreedor hipotecario Don Celestino Solá.

Posteriormente Don Ramón Vilar y su esposa cedieron a la mercantil Sucesores de L. Villamil y Cía., S. en C., el crédito que ejecutaban y la sociedad adquirente lo puso en conocimiento del tribunal presentándole la escritura de cesión inscrita en el registro de la propiedad y pidiéndole que orde-

nase que la ejecución continuara en su nombre. Así lo dispuso el juez en 14 de febrero de 1914 ordenando que se hiciera saber al márshal por medio de mandamiento que podía continuar la ejecución en nombre de la mercantil Sucesores de L. Villamil y Cía., S. en C., como cesionaria de Ramón Vilar.

Esa fué la parte dispositiva de la orden pero al relacionar el juez la escritura de cesión, fundamento de su resolución, consignó que se habían cedido a la mercantil expresada $45 de intereses y los posteriores al 31 de julio de 1913 cuando en la escritura se cedían $45 y los posteriores al 31 de julio de 1912. La orden fué puesta en conocimiento del márshal transcribiéndosela íntegramente el secretario, seguida de la descripción de la finca hipotecada.

El márshal anunció la subasta para el 16 de marzo siguiente y en el edicto que con tal fin publicó hizo constar que la venta se efectuaba para pagar a Sucesores de L. Villamil y Cía., S. en C., la cantidad de $1,500 de principal, $45 de intereses vencidos hasta el 31 de julio de 1913 y los intereses por vencer desde dicho día más las costas que se devengaren hasta el definitivo pago.

Dos días antes del anunciado para la subasta compareció ante el márshal Don Celestino Solá, posterior acreedor hipotecario, por medio de su abogado, y le entregó $1,657.50 como importe del capital e intereses por los que se dispone en la orden la ejecución, más $30.49 como importe de las costas devengadas en el procedimiento. La subasta no se celebró el día anunciado.

El mismo día en que se hacía esa consignación el juez, a petición de la mercantil cesionaria, dictó resolución corrigiendo el error de año que existía en su orden de 14 de febrero anterior, a que antes hacemos referencia y dispuso que se comunicara al márshal.

Consta en la transcripción una declaración jurada en ese mismo día de Don Fernando Vázquez, uno de los abogados

de la ejecutante, haciendo constar que habiéndose enterado
de que el abogado de Don Celestino Solá deseaba consignar
la cantidad objeto de la ejecución, pidió inmediatamente al
juez que subsanara el error de su orden de 14 de febrero ante-
rior en cuanto a la fecha de 1913 por 1912, que cuando toda-
vía no estaba hecha la consignación comunicó al márshal que
el juez iba a firmar una orden enmendando la anterior, que
una vez firmada le entregaría copia y que se la entregó cuando
aun estaba en la oficina del márshal el abogado de Don Celes-
tino Solá.

Después de estos hechos la mercantil ejecutante solicitó
del juez que dejara sin efecto la consignación que se había
hecho y que ordenara se expidiera nuevo mandamiento al
márshal haciéndole saber que procediera a nueva subasta y
que las cantidades de que ha de responder la finca ejecutada
son $1,500 de capital; $45 de intereses hasta el 21 de julio
de 1912, los intereses desde el 1º. de agosto de 1912 en ade-
lante, y $200 para costas y honorarios del abogado.

A esta moción se opuso Don Celestino Solá y pidió que
se cancelara la hipoteca, alegando que pagó al márshal todas
las responsabilidades que tenía que cubrir de acuerdo con
la orden del tribunal; que cuando pagó no se había modifi-
cado la orden que tenía el márshal; que la de 14 de febrero
fué expedida de acuerdo con lo solicitado por los ejecutan-
tes; que ahora no se trata de consignación sino de pago, y
que las costas fueron pagadas al cedente Ramón Vilar de
los fondos de la quiebra de "Solá e Hijo," S. en C.

Esta oposición fué documentada con dos declaraciones ju-
radas tendentes a demostrar que cuando se hizo la consig-
nación no había sido enmendada la orden de 14 de febrero
y con una certificación del Secretario de la Corte Federal
créditiva de que en los procedimientos de quiebra de "Solá
e Hijo, S. en C." aparecen como desembolsos $125 a R. Vilar
por costas de ejecución de hipoteca en 8 de agosto de 1913
y otras partidas más por automóviles para viajes a Humacao.

Con tales antecedentes el tribunal inferior dictó resolución en 15 de julio último declarando sin lugar la moción de la mercantil ejecutante y contra ella interpuso ésta el presente recurso de apelación.

Antes de que podamos considerar el recurso tenemos que decidir si debe ser desestimado ya que habiendo hecho esta petición el apelado don Celestino Solá unos días antes de la vista del recurso, acordamos entonces resolver esta cuestión cuando el caso quedara sometido a nuestra consideración.

La moción para que desestimemos la apelación se funda en que Don Marcelino Solá debió ser notificado de la apelación porque es parte necesaria en ella ya que ha de afectarle la resolución que dictemos.

Hemos resuelto en el caso de *Candelas* v. *Ramírez,* 20 D. P. R., 34, que de acuerdo con el artículo 296 del Código de Enjuiciamiento Civil son partes contrarias en una apelación, no todas las que lo han sido en el juicio en el tribunal *a quo,* sino solamente las que de ellas puedan ser afectadas por una revocación o modificación de la sentencia u orden apelada, por lo que la cuestión en cada caso es si la resolución de la apelación puede afectar los derechos de la persona que, habiendo intervenido en el juicio o procedimiento, no ha sido hecha parte en la apelación mediante la notificación del recurso.

Si nosotros revocamos la resolución apelada y ordenamos que subsanado el error que hubo en cuanto a intereses se anuncie una nueva subasta para hacer efectivas todas las obligaciones que se reclaman en el procedimiento, no sufriría perjuicio alguno Don Marcelino Solá, sino más bien beneficio, porque si en el remate se cubren todas las cantidades que se le reclaman, quedaría libre de la obligación personal que ahora pesa sobre él de pagar con sus otros bienes las cantidades que la consignación en pago no ha cubierto y por tanto no es parte contraria en esta apelación.

Sentado esto, pasemos a considerar el recurso.

Es indudable que el tribunal inferior cometió error al sostener en su resolución apelada que la consignación de pago hecha al márshal por Don Celestino Solá por las cantidades reclamadas por la sociedad ejecutante cubría todas las reclamaciones del procedimiento y estaba bien hecha, que es lo que en definitiva viene a resolver al negar la petición de la sociedad ejecutante.

En el ejecutivo se estaban cobrando, entre otras cantidades, los intereses desde el 31 de julio de 1912, por ellas fué requerido de pago el deudor Don Marcelino Solá y no se ha dictado ninguna orden posterior que ordenara al márshal que solamente cobrara los posteriores al 31 de julio de 1913, pues si bien en la orden de 14 de febrero se consignó que éstos eran los que habían sido cedidos a la sociedad apelante, sin embargo en ella no se dispuso que el deudor solo debía pagarlos desde esa fecha. A esta orden se le dió por el márshal un alcance que no tenía, pues lo único que dispuso fué que continuara la ejecución a nombre de Sucesores de L. Villamil y Cía., S. en C., y mientras el tribunal no le ordenara que dejara de cobrar los intereses desde 31 de julio de 1912, no estaba autorizado para prescindir de ellos. Los funcionarios ejecutivos de los tribunales tienen que limitarse a cumplir estrictamente lo que se les ordena sin detenerse a considerar las razones acertadas o erróneas en que las órdenes se funden, por lo que el Márshal del Distrito de Humacao debió cumplir la única orden que se le dió de seguir adelante la ejecución, sin examinar sus fundamentos para deducir de ellos lo que el juez pudo ordenar, si no estaba equivocado, pero que no ordenó. *Fernández* v. *Márshal del Distrito de San Juan*, 20 D. P. R., 65.

Estas consideraciones debió hacerlas también el juez inferior cuando se le pidió que no aceptase la consignación de pago que hacía Don Celestino Solá y que se ordenara una nueva subasta, porque no habiendo decretado que de las cantidades reclamadas en el procedimiento se dedujesen los inte-

reses de 31 de julio de 1912 a igual día y mes de 1913 no debió aprobar la conducta del márshal recibiendo menos de las cantidades por las cuales se había decretado el requerimiento de pago y por el contrario debió acceder a la petición de la sociedad ejecutante, quien tenía derecho a que la finca hipotecada le respondiera de todas las obligaciones que sobre ella pesan y a que solamente se aceptase como pago la cantidad que cubriera todas sus reclamaciones reconocidas por el tribunal.

El hecho de que Don Celestino Solá consignara todas las cantidades mencionadas en el edicto de subasta no le da derecho alguno para que se le tenga por subrogado en los derechos de la sociedad ejecutante desde el momento en que se advierte el error que contenía, con mayor razón en este caso cuanto que el consignante sabía que se debían los intereses posteriores a julio de 1912 porque fué notificado del auto de requerimiento de pago al deudor en que se mandaba pagar esos intereses.    No se entenderá pagada una deuda, dice el artículo 1125 del Código Civil, sino cuando completamente se hubiese entregado la cosa o hecho la prestación en que la obligación consista; y como en este caso no se entregaron completamente las cantidades debidas a los ejecutantes, el pago que hizo Don Celestino Solá por el deudor Don Marcelino Solá no extinguió la obligación de éste.

Todo lo dicho en cuanto a intereses tiene aplicación en cuanto a los $200 que convinieron las partes para costas y honorarios de abogado y de los cuales prescindió también el márshal sin orden del tribunal.

Por las razones expuestas la moción de desistimiento debe ser declarada sin lugar y la resolución apelada tiene que ser revocada.

*Sin lugar la moción para que se desestime la apelación, y revocada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.