RAMÍREZ, DEMANDANTE Y APELADO, *v.* RAMÍREZ Y SOSA, DEMANDADOS, Y APELANTE EL ÚLTIMO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre preferencia de crédito hipotecario.

MOCIÓN del demandante y apelado para que se desestime la apelación.

No. 1731.—Resuelto en febrero 4, 1918.

DESESTIMACIÓN DE APELACIÓN—FALTA DE NOTIFICACIÓN A UNA PARTE EN REBELDÍA INTERESADA—CANCELACIÓN DE HIPOTECA.—En este caso se estableció demanda sobre nulidad de procedimiento hipotecario y para que se ordenase la cancelación de una hipoteca constituída sobre una casa que fué destruída por un incendio y se mandase a inscribir otra hipoteca sobre una nueva casa construída en el mismo solar. La demanda fué establecida por el segundo acreedor contra el primer acreedor que adquirió en pública subasta, y contra el deudor hipotecario. Se anotó la rebeldía del deudor, y dictada sentencia a favor del demandante se estableció apelación por el segundo acreedor demandado, pero sin notificar el escrito a su codemandado. *Se resolvió:* que el codemandado tenía interés real en el litigio, adverso al apelante, y que quedaría directamente afectado por el resultado de la apelación si la sentencia fuere revocada, por lo que no habiendo sido notificado de la apelación procedía desestimarla por falta de jurisdicción para considerar la misma en sus méritos.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Ricardo del Toro Soler* y *Juan Alemañy Sosa.*

Abogado del apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Una casa perteneciente a Severiano Ramírez Colberg que radica en solar egido del Municipio de Cabo Rojo e hipotecada a Juan del Carmen Sosa fué destruída por un incendio y subsiguientemente reconstruída con permiso del municipio. La nueva casa fué hipotecada a Delfín Ramírez quien entabló pleito contra Sosa y Severiano Ramírez. Se le anotó a Severiano la rebeldía y en el juicio declaró como testigo del demandante, quien obtuvo sentencia a su favor en la que se sostiene que la garantía de la obligación hipotecada original habíase perdido por destrucción de la propiedad hipotecada y que eran nulos y sin ningún valor ni eficacia legal los procedimientos sumarios incoados por Sosa porque se dirigían contra una garantía que había dejado de existir, decretándose al propio tiempo la preferencia de la hipoteca constituída en favor de Delfín Ramírez, ordenando la cancelación en el registro de la hipoteca de Sosa y mandando a inscribir la hipoteca de Delfín Ramírez.

El demandado Sosa apeló de la sentencia, pero sin notificación al co-demandado Severiano Ramírez, y el demandante apelado presentó una moción interesando la desestimación del recurso por falta de tal notificación. Cuando se vió esta moción allá en julio de 1917, nos reservamos nuestra decisión hasta que se sometiera el caso por sus méritos. La transcripción de autos y la relación del caso fueron presentados en octubre de 1917. En 22 de enero de 1918, se argumentó el caso y se llamó otra vez la atención de esta corte sobre la relacionada moción de desestimación.

Un detenido examen de todo el *record* incluyendo el testimonio del demandado Severiano Ramírez muestra que su interés real en el litigio es adverso al del apelante, y que quedaría directamente afectado por el resultado de la apelación a menos que se confirmase la sentencia dictada por la corte de distrito.

Con una revocación de esa sentencia, no solamente quedaría la propiedad en cuestión sujeta a la ejecución del gravamen que la corte de distrito declaró haber quedado extinto, sino que, a menos que tengamos que rechazar el testimonio no contradicho de Severiano Ramírez en cuanto a la venta de la casa en pública subasta antes de la fecha en que se celebró el juicio en el presente caso, tendría el efecto de una transmisión del dominio a virtud de los procedimientos declarados nulos y sin eficacia legal alguna por la corte inferior.

La apelación debe ser desestimada por falta de jurisdicción para considerar la misma en sus méritos.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.