MELCHIOR, ARMSTRONG, DESSAU COMPANY OF DELAWARE, INC., demandante y apelante, *v.* BANCO COMERCIAL DE PUERTO RICO, EDUARDO GIORGETTI Y FERNÁNDEZ VANGAS Y CENTRAL BAYANEY, FRANCISCO GARCÍA GARCÍA, Trustee, demandados y apelados.

No. 3652.—*Visto:* Febrero 16, 1926.   *Resuelto:* Diciembre 21, 1926.

1 APELACIÓN Y ERROR—PARTES—PARTES APELADAS—PARTES NECESARIAS EN APELACIÓN—EN GENERAL.—Reconocida una deuda en garantía de la cual se constituyó hipoteca, si los bienes hipotecados se traspasan a favor de terceras personas, el deudor directo de las obligaciones es, en acción para el cobro de dicha deuda, una parte necesaria en dicha acción.

2. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR *(Writ of Error),* CITACIÓN O NOTIFICACIÓN—ESCRITO DE APELACIÓN—FALTA DE NOTIFICACIÓN Y EFECTO.—La falta de notificar el escrito de apelación a una parte contraria necesaria en el pleito, esté o no ésta en rebeldía, produce la desestimación de la apelación.

MOCIÓN sobre desestimación de apelación presentada por los apelados Banco Comercial y E. Giorgetti.   *Con lugar.*

*Henry G. Molina* y *Leopoldo Feliú,* abogados de la apelante; *Jaime Sifre, Jr.,* y *Horacio Franceschi,* abogados del apelado Señor Giorgetti; *Gabriel de la Haba* y *A. Sarmiento,* abogados del *Banco Comercial,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La corporación Melchior, Armstrong, Dessau Co. of

Delaware, Inc., demandó en juicio ordinario en cobro de pesos al Banco Comercial de Puerto Rico y a don Eduardo Giorgetti alegando que la Central Bayaney de Arecibo reconoció deber a Melchior, Armstrong & Dessau Co. Inc., la cantidad de $42,514.40 por los cuales le otorgó tres pagarés que están vencidos y no pagados y que para garantía de esa deuda constituyó hipoteca a su favor sobre ciertas fincas que describe en la demanda; que los pagarés han sido endosados a la demandante y que dichas fincas han sido vendidas al Banco Comercial de Puerto Rico, cuyo banco las vendió después a don Eduardo Giorgetti por lo que suplicó fueran condenados los demandados a pagarle los $42,514.40 y que en defecto de pago fueran vendidos esos inmuebles en subasta para el cobro de su crédito.

Por virtud de excepciones previas de los demandados la corte de distrito resolvió que la Central Bayaney debía ser hecha parte demandada y de acuerdo con esa resolución la demandante enmendó su demanda a ese solo efecto agregando a ella que la Central estaba en quiebra, que el *trustee* de la quiebra era don Francisco García y que se condenase al pago a los demandados, así como que si no satisfacían la deuda fuesen vendidos los bienes hipotecados para cobrar su crédito.

La Central Bayaney no contestó la demanda y habiendo sido anotada la rebeldía se celebró el juicio en el que la demandante enmendó la súplica de su demanda en el sentido de que los demandados, Banco Comercial de Puerto Rico y el Sr. Giorgetti, fueran condenados a pagar la cantidad reclamada, y dictada sentencia declarando sin lugar la demanda ha sido apelada por la demandante sin notificar su apelación a la Central Bayaney, por cuyo motivo los apelados, Banco Comercial de Puerto Rico y don Eduardo Giorgetti, solicitaron de este tribunal la desestimación de esta apelación, pero esa petición no fué resuelta entonces porque acordamos que fuera decidida después de celebrada la

vista de la apelación, y como ésta ha tenido lugar tenemos que resolver ahora esa cuestión.

[1] Para poder determinar si era necesaria en este caso la notificación de la apelación a la Central Bayaney hay que considerar si ésta era una parte contraria en el pleito y si estando en rebeldía debía ser notificada de la apelación.

Según el artículo 296 del Código de Enjuiciamiento Civil la apelación debe ser notificada al secretario del tribunal donde se dictó la sentencia y a la parte contraria, siendo parte contraria de acuerdo con repetidas decisiones nuestras aquella que puede ser afectada por la revocación o modificación del fallo apelado. *Candelas* v. *Ramírez et al.*, 20 D.P.R. 33; *In re González*, 22 D.P.R. 31; *Sucesores de L. Villamil & Ca.* v. *Solá*, 22 D.P.R. 531, y *Ramírez* v. *Ramírez y Sosa*, 26 D.P.R. 132.

Sentado lo que precede llegamos a la conclusión de que la Central Bayaney es parte necesaria en esta apelación porque siendo la deudora directa de la obligación reclamada la corte inferior pudo *motu proprio* disponer su comparecencia de acuerdo con el artículo 74 del Código de Enjuiciamiento Civil y que se le entregara una copia de la demanda; porque habiendo resuelto la corte a virtud de excepción previa a la demanda que en ella debía figurar dicha central como parte demandada, la demandante enmendó su demanda incluyéndola como demandada y pidiendo que fuera condenada al pago de la deuda que contrajo, por lo que si revocamos la sentencia apelada podríamos condenar a la central al pago de la deuda que reconoció a Melchior, Armstrong & Dessau Co., Inc., reclamada por la demandante, a pesar de que en el juicio fué enmendada la súplica de la demanda solicitando condena de pago únicamente contra el Banco Comercial de Puerto Rico y contra el Sr. Giorgetti, pues la súplica de una demanda no es decisiva en los pleitos, aunque puede tenerse en cuenta para aclarar la demanda.

[2] La ley dispone que la notificación de la apelación se hará a la parte contraria, sin distinguir entre demandados rebeldes y los que no lo son; y en el caso de *Nilliat* v. *Suriñac,* 25 D.P.R. 551, hemos decidido que el hecho de que una parte esté en rebeldía no altera el deber que hay de hacerle la notificación de la apelación, citando otros casos.

La falta de notificación de la apelación a la parte contraria produce la desestimación de la apelación y por esto *la moción de desestimación en este caso debe ser declarada con lugar.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.