GERTRUDIS ORTIZ RIVERA, demandante y recurrente, *v.* JOSÉ AGOSTINI ET AL., demandados y recurridos.

*Número:* R-64-180       *Resuelto:* 4 de marzo de 1966

*Rafael Benet,* abogado de Lincoln Realty Corporation; *Carlos A. Chavier Stevenson,* abogado de Alma Realty Corporation; *José Aulet,* abogado de la recurrente.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

PER CURIAM: En 18 de junio de 1962 Gertrudis Ortiz Rivera instó una demanda en relamación de daños y perjuicios contra José D. Agostini, José D. Reyna y Alma Realty Corporation en la cual alegó que dichos demandados actuando conjuntamente—Agostini, como ingeniero; Reyna, como contratista; y Alma Realty Corporation, como propietaria—"o uno de ellos responsable de la construcción, sin que la demandante pueda precisar cuál era, abrieron una zanja" en donde cayó la actora, lesionándose. Se adujo que la negligencia consistió en no tomar precauciones de clase alguna para advertir el peligro que constituía la zanja abierta, y específicamente, que no pusieron avisos de clase alguna ni linterna o mechones para indicar durante las horas nocturnas la existencia de un peligro. Reyna compareció en el pleito representado por el Lic. Jorge L. Landing; Alma Realty Corporation, inicialmente por Baker & Woods (Lic. Luis F. Candal), luego por el Lic. José Roberto Lugo, y posteriormente por Rivera Zayas, Rivera Cestero y Rúa. Agostini no compareció.

Varios meses después, en 13 de febrero de 1963, se presentó una demanda enmendada en la cual se incluyó a Max Cohen y/o Lincoln Realty Corporation como partes demandadas adicionales. Ya en esta ocasión se precisó más la alegación de hechos que da margen a la reclamación de responsabilidad. Dícese que "el terreno en donde se hizo la zanja que . . . ocasionó el accidente era propiedad [de] y/o dicha zanja se realizó por empleados del señor Max Cohen, actuando por sí o en su representación la Lincoln Realty Corporation." No obstante, en la demanda enmendada se incorporó nuevamente la alegación sobre la negligencia conjunta o particular de todos los demandados, aunque en la súplica se pidió que el tribunal determinara la responsabilidad total o individual "con la evidencia que se presente en el acto del juicio". Contra esta demanda enmendada formularon alegaciones o comparecieron en autos: (1) Alma Realty Corporation, representada por Rivera Zayas, Rivera Cestero

y Rúa, y por renuncia de éstos el Lic. Carlos A. Chavier, desde el 8 de julio de 1965; (2) Lincoln Realty Corporation, por Baker & Woods (Lic. Luis F. Candal), y por renuncia de éstos, los Lics. Rafael Benet, Emilio Soler y Roberto Bird, desde el 6 de julio de 1964. [1]

En 24 de junio de 1964 el Tribunal Superior, Sala de San Juan, dictó sentencia desestimando la demanda. Contra esta sentencia se interpuso recurso de revisión, y en 26 de marzo de 1965, mediante opinión en la cual se relacionan otros antecedentes del caso, la revocamos y devolvimos el pleito al tribunal de instancia para la continuación de los procedimientos en forma compatible con lo resuelto. *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187 (1965).

En 4 de octubre de 1965, compareció ante nos la Lincoln Realty Corporation en solicitud para que se dejara sin efecto la sentencia fundándose en que no se le notificó de la solicitud de revisión. [2] En efecto, un examen del expediente revela que la petición solamente se notificó al Lic. Jorge L. Landing, quién representaba a José D. Reyna y al Lic. José R. Lázaro, de la oficina de Rivera Zayas, Rivera Cestero y Rúa, abogados de Alma Realty Corporation. Ni Baker & Woods ni Benet, Soler y Bird, quiénes representaban a la Lincoln Realty Corporation, fueron notificados de la presentación del recurso de revisión.

Las cuestiones básicas que se plantean son: (1) ¿puede prevalecer la sentencia de este Tribunal de 26 de marzo de

---

[1] La renuncia de Baker & Woods se notificó en 25 de junio de 1964 al Lic. J. M. Valentín Esteves, quién figuraba como abogado de la demandante, aunque ya había fallecido. En 10 de junio el Lic. José Aulet había asumido la representación de dicha demandante mediante escrito que radicó en autos pero que no notificó a Baker & Woods. Cuando los abogados Benet, Soler y Bird asumieron la representación de la Lincoln Realty Corporation notificaron tal hecho a la propia demandante.

[2] Ninguna de las partes levantó la cuestión de la falta de notificación a esta demandada, y, debido al continuo cambio de representación legal de los distintos demandados, tal hecho no era aparente de un mero examen de los autos.

1965 en cuanto a Lincoln Realty Corp. en vista de que no se le notificó la petición de revisión?; y, (2) ¿puede prevalecer dicha sentencia en cuanto a los otros codemandados, allí recurridos, en ausencia de la notificación del recurso a Lincoln Realty Corporation?

La Regla 53.3 de las de Procedimiento Civil de 1958 y la Regla 10(j) del Reglamento de este Tribunal estatuyen que la parte recurrente notificará la presentación de la solicitud de revisión "*a todas las partes contrarias*", dentro del término para solicitar dicha revisión. Su antecedente, el Art. 296 del Código de Enjuiciamiento Civil, ed. 1933, requería también que el escrito de apelación se notificara "a la parte contraria o a su abogado". En términos generales, hemos resuelto que parte contraria a los efectos de la notificación del recurso de apelación no son todas las partes en el pleito sino aquéllas que puedan ser afectadas por una revocación o modificación de la sentencia apelada. *Arandes* v. *Viera*, 75 D.P.R. 157 (1953); *Rivera* v. *Great American Indemnity Co.*, 70 D.P.R. 825 (1950); *Sucesores de L. Villamil & Cía.* v. *Solá*, 22 D.P.R. 531 (1915); *Galafar* v. *Sucesión Morales*, 22 D.P.R. 491 (1915). En cuanto se refiere a codemandados, el hecho de que figuren como tales no basta para que la apelación tenga necesariamente que notificárseles; se requiere que su interés sea adverso al que entabla el recurso. Cf. *Olivera* v. *Sucesión González*, 52 D.P.R. 884 (1938); *Buonomo* v. *Sucesión Juncos*, 27 D.P.R. 273 (1919). Una sentencia que se limita a declarar sin lugar la demanda, absuelve a todos los demandados, y para que pueda revocarse en apelación es preciso que todos sean notificados del recurso. *Nieves* v. *Mullenhoff*, 22 D.P.R. 528 (1915); véase, *Candelas* v. *Ramírez*, 20 D.P.R. 33 (1914).

Aplicando los principios generales expuestos es evidente que la Lincoln Realty Corporation era una parte contraria que había comparecido en autos y a la cual era indispensable notificarle del recurso de revisión. Si se examinan

las alegaciones de la demanda enmendada fácil es concluir que era precisamente la parte más necesaria pues fue a ésta a la que se le imputó la responsabilidad por el accidente fundándose en que era dueña del lugar en que se cavó la zanja y en que la apertura de la misma se hizo por otro codemandado actuando en representación de la corporación.

■    También hemos resuelto que la falta de notificación a una parte contraria indispensable nos priva de jurisdicción para conocer del recurso en cuanto a todos los recurridos, *Arandes* v. *Viera,* supra; *Casasús* v. *White Star Bus Line,* 58 D.P.R. 865 (1941); *Montero* v. *Sucn. Santoni,* 55 D.P.R. 713 (1939); *Villegas* v. *Sucn. McCormick,* 40 D.P.R. 890 (1930); *In re González,* 22 D.P.R. 28 (1915); cf. *Lókpez* v. *Lókpez,* 64 D.P.R. 684 (1945).

En virtud de lo expuesto las dos cuestiones básicas deben ser contestadas en la negativa. *Se dejará sin efecto nuestra sentencia de 26 de marzo de 1965, y no teniendo jurisdicción, se anulará el auto expedido.*

El Juez Asociado Señor Belaval disintió.