# 95 DTA 60

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II, BAYAMON
### Panel II

ADALBERTO RODRIGUEZ FIGUEROA, y otros
Demandantes-Apelantes

v.

HMB HOSPITAL MATILDE BRENES, INC. y otros
Demandados-Apelados

Núm. KLAN-95-00126

San Juan, Puerto Rico, a 19 de abril de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo
y los Jueces Cordero Peña y Ortiz Carrión

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El señor Adalberto Rodríguez Figueroa, su esposa la Señora Carmen Kuilan Matos, la sociedad legal de bienes gananciales constituida entre ambos, y sus dos hijas menores, representadas por sus padres, apelan para que se revoque una sentencia del Tribunal de Primera Instancia de Puerto Rico, Sección Superior, Sala de Bayamón, en la cual se desestimó una demanda por daños y perjuicios presentada por ellos. Dos de los demandados presentaron sendas mociones para que se desestime esta apelación por carecer este Tribunal de jurisdicción para atenderla. Antes de dilucidar este planteamiento jurisdiccional procede exponer los antecedentes procesales pertinentes.

### I

El 25 de enero de 1995, el Tribunal de Primera Instancia, Sección Superior, Sala de Bayamón dictó la sentencia que es objeto de apelación. Copia de dicha sentencia se archivó en autos el 1 de febrero de 1995, por lo que el plazo para interponer la apelación se vencía el 3 de marzo de 1995. Ese mismo día, el Sr. Rodríguez y los demás demandantes, presentaron su escrito de apelación en la secretaría del Tribunal de Primera Instancia, Sala de Bayamón. Sin embargo, no le notificaron el escrito de apelación a las demás partes hasta el 6 de marzo de 1995.

**La Regla 53 de las de Procedimiento Civil** regula el procedimiento para interponer una apelación. Específicamente la **Regla 53.2**, 32 L.P.R.A. Ap. III, establece lo siguiente:

*"El escrito de apelación especificará los nombres de las partes apelantes; designará la sentencia o la parte de la misma de la cual se apela; señalará la cuestión o cuestiones constitucionales planteadas, cuando la Ley lo requiera; y señalará la Sala del Tribunal Superior ante la cual se apela o el Tribunal Supremo, según fuere el caso. El apelante notificará la presentación del escrito de apelación a todas las partes o a sus abogados de récord dentro del término para apelar en la forma prescrita en la Regla 67. Cuando la notificación se hiciere por correo, deberá hacerse por correo certificado con acuse de recibo."*

El Tribunal Supremo de Puerto Rico ha interpretado que este requisito de notificación a las otras partes dentro del plazo para apelar es de carácter jurisdiccional, por lo que su incumplimiento priva al Tribunal apelado de autoridad para atender el recurso. *Ortiz v. Agostini*, 93 D.P.R. 221 (1966). Consistente con esta interpretación, la Regla 14(C)(1) del **Reglamento del Tribunal de Circuito de Apelaciones** dispone lo siguiente:

*"El apelante notificará con copia del escrito de apelación a los abogados de todas las partes, o en su defecto, a éstas antes o en la misma fecha de su presentación, y certificará el haber efectuado tales notificaciones en el mismo escrito de apelación."*

De este modo, a pesar de que el escrito de apelación se presentó a tiempo, de los documentos que obran en autos se desprende que la notificación a las demás partes no se efectuó dentro del término para apelar, por lo que el Tribunal de Circuito de Apelaciones no tiene autoridad para atender la apelación presentada.

Por los fundamentos anteriormente expuestos, se desestima la Apelación presentada.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General