# 95 DTA 184

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

CARIBE SHIPPING CO. INC.
Apelada

v.

OSCAR CAMACHO, NYDIA ACOSTA DE CAMACHO,
LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Apelantes

Núm. KLAN-95-00455

San Juan, Puerto Rico, a 21 de junio de 1995

Panel integrado por su presidente, Juez Rossy García

y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En la práctica apelativa la jurisdicción no se presume. Los apelantes tienen que invocarla y acreditarla toda vez que previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene jurisdicción para entender en el mismo. *Soc. de Gananciales v. A.F.F.,* 108 D.P.R. 644, 645 (1979). A su vez, cuando la jurisdicción de un tribunal depende de que se haya notificado un escrito de apelación dentro de cierto término, lo determinante de la jurisdicción es que la notificación se haga dentro del término correspondiente. *Campos del Toro v. Ame. Transit Corp.,* 113 D.P.R. 337 (1982). Por otro lado, la falta de jurisdicción no puede ser subsanada, ni el tribunal puede abrogarse la jurisdicción que no tiene, careciendo éste de discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación,* 109 D.P.R. 839, 842 (1980); *Maldonado v. Pichardo,* 104 D.P.R. 778 (1976). La aplicación de estos principios a la situación particular del recurso instado en el caso de epígrafe conducen a un sólo curso decisional, la desestimación del mismo por falta de jurisdicción. Veamos los antecedentes procesales que nos obligan a así dictaminar.

### I

El 24 de marzo de 1995 el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó la sentencia que es objeto de la apelación interpuesta en el caso de epígrafe, archivándose en autos copia de su notificación el 7 de abril de 1995. A partir de dicha fecha comenzó a decursar el plazo para interponer la apelación, el que expiraba el 7 de mayo de 1985,

Con el trasfondo antes expuesto e inconforme los apelantes con los términos de la sentencia emitida, procedieron a presentar el escrito de apelación del caso de epígrafe el 5 de mayo de 1995. No obstante notificaron el mismo a la representación legal de la demandante apelada, mediante mensajero, el 9 de mayo de 1995, lo que dio base a que emitiéramos resolución el 18 de mayo de 1995 ordenando a los apelantes que mostraran causa por la cual no deberíamos disponer la desestimación del recurso interpuesto por falta de jurisdicción. También motivó la presentación de una moción de desestimación por parte de la apelada.

En atención a nuestro requerimiento comparecieron los apelantes mediante escrito en el que aceptan que la apelación fue notificada a la parte apelada el 9 de mayo de 1995, y en el que exponen las razones que motivaron dicha notificación tardía. En lo pertinente expresó la representación legal de las apelantes que luego de presentar el escrito de apelación llamó a un servicio de mensajeros para que pasaran a recoger copia del escrito para entregarlo a la representación legal de la parte apelada; que el mensajero no llegó a tiempo el 5 de mayo, por lo que dio instrucciones para que se recogiera el mismo el 8 de mayo de 1995; que en esa segunda ocasión tampoco le fueron entregados los documentos al mensajero por razón de que su secretaria tuvo que salir para Estados Unidos; por lo que el 9 de mayo de 1995 procedió a llamar nuevamente al servicio de mensajero, fecha en que les entregó el escrito de apelación para que procedieran a entregarlo personalmente lo que hicieron.

## II

La Regla 14(A) del Reglamento del Tribunal de Circuito de Apelaciones indica que la apelación se formalizará *"conforme a las disposiciones pertinentes de las Reglas de Procedimiento Civil o Procedimiento Criminal"*. Por su parte la Regla 53 de las de Procedimiento Civil regula el procedimiento para interponer una apelación. Específicamente la Regla 53.1, 32 L.P.R.A. Ap. III dispone que en los casos civiles el plazo será el de treinta (30) días siguientes al archivo en autos de copia de la notificación de la sentencia. A su vez la Regla 53.2 dispone en lo pertinente que *"[el] apelante notificará la presentación del escrito de apelación a todas las partes o sus abogados de récord dentro del término para apelar en la forma prescrita en la Regla 67. Cuando la notificación se hiciere por correo deberá hacerse por correo certificado con acuse de recibo"*.

Observamos así que son dos los requisitos de naturaleza jurisdiccional para el perfeccionamiento del recurso de apelación. El primero es la presentación del escrito dentro del término de treinta (30) días siguientes al archivo en autos de copia de la notificación de la sentencia. Dicho término es jurisdiccional y por lo tanto no puede ser prorrogado por el tribunal apelativo. *Pueblo v. Miranda Colón,* 115 D.P.R. 511, 513 (1984); *González Santos v. Bourns Puerto Rico, Inc.,* 125 D.P.R. (1989), **89 J.T.S. 107** a la pág. 7277. El otro requisito es la notificación del recurso a las partes adversas dentro de dicho término, habiéndose establecido en forma clara que el requisito de notificación a las otras partes dentro del plazo para apelar es de carácter jurisdiccional, José A. Cuevas Segarra, *Práctica Apelativa,* **Publicaciones J.T.S.** (1993), a la pág. 7; *Ramos v. Condominio Diplomat,* 117 D.P.R. 641, 644 (1986), por lo que su incumplimiento priva al tribunal apelativo de autoridad para atender el recurso, *Ortiz Rivera v. Agostini,* 93 D.P.R. 221 (1986). Es decir, el efecto de no notificar el escrito de apelación dentro de los treinta (30) días es que priva al tribunal de jurisdicción para considerar los méritos del mismo. *Id.* a la pág. 225.

Tales exigencias de naturaleza jurisdiccional fueron incorporadas con igual alcance en la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones, la que dispone en lo pertinente como sigue:

*"Regla 14. Modo de formalizar la apelación*

*(A) La apelación de cualquier sentencia en un caso originado en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, salvo aquellas apelables directamente al Tribunal Supremo, se formalizará al presentarse un escrito de apelación en la Secretaría del Tribunal de Instancia que dictó la sentencia y cuatro (4) copias del mismo en la Secretaría del Tribunal de Circuito de Apelaciones conforme a las disposiciones pertinentes de las reglas de Procedimiento Civil o de Procedimiento Criminal.*

*........*

*(C) Notificación de la apelación*

*La notificación de la presentación del escrito de apelación se efectuará mediante entrega personal, por correo certificado con acuse de recibo o por cualquier otro medio autorizado.*

*(1) Casos Civiles*

*El apelante notificará con copia del escrito de apelación a los abogados de todas las partes o, en su defecto a éstas, antes o en la misma fecha de su presentación, y certificará el haber efectuado tales notificaciones en el mismo escrito de apelación.*

Dirigiendo nuestra atención ahora a la situación particular del caso que nos ocupa a la luz de los principios de derecho antes reseñados, observamos que si bien el escrito de apelación se presentó dentro del término jurisdiccional de treinta (30) días antes indicado el mismo no fue notificado a la parte apelada dentro de dicho término. Así lo admite la propia parte apelante, lo que nos obliga a resolver, a base de los fundamentos antes expuestos, que carecemos de jurisdicción para considerar los méritos del recurso interpuesto. Como bien se ha expresado, la falta de jurisdicción no puede ser subsanada, ni el tribunal puede abrogarse la jurisdicción que no tiene. *Vázquez v. A.R.P.E.,* ___ D.P.R. ___ (1991), **91 J.T.S. 53**; *Gobernador de P. R. v. Alcalde de Juncos,* 121 D.P.R. 522 (1988); *supra; Martínez v. Junta de Planificación; Maldonado v. Pichardo, supra.*

### III

Por los fundamentos antes expuestos se dispone la desestimación de la apelación interpuesta en el caso de epígrafe por falta de jurisdicción.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General