Rivera de Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El recurso de apelación en el presente caso fue presentado ante este Tribunal el día 12 de julio de 1995, por la parte demandada-apelante. Dicha parte recurre ante nos en solicitud de que revoquemos la sentencia dictada por el Tribunal de Primera Instancia, Sub-Sección de Distrito de Fajardo, el 8 de junio de 1995 y notificada a las partes el 18 del mismo mes y año. Mediante la referida sentencia el tribunal de instancia declaró con lugar una demanda incoada por R & G Mortgage Corp. solicitando la ejecución de una hipoteca sobre una propiedad sita en el Condominio Isleta Marina de Fajardo.
I
A pesar de que el recurso instado fue denominado erróneamente "Solicitud de Revisión", no obstante, en consideración al hecho de que hay algo intrínsecamente injusto en penar un defecto en el nombre o en la rúbrica que se le de a una moción, así como en la denominación del pleito o la súplica del remedio, no lo hemos tomado en forma adversa al apelante. Tenemos muy presente, además, la norma enunciativa de que tal circunstancia no debe ser decisiva en cuanto a la manera en que la cuestión deba ser resuelta, desde el punto de vista de la realidad y la justicia sustancial, por lo que no será óbice para que el tribunal conceda el remedio que proceda, de acuerdo con las alegaciones y la prueba. Schmidt Monge v. Torres, 115 D.P.R. 414 (1984); Municipio de Cayey v. Angel Soto Santiago, 92 J.T.S. 97,_ D.P.R._(1992); Pueblo v. Cruzado, 74 D.P.R. 934 (1953); Pueblo v Badrena e Hijos, 74 D.P.R. 225 (1952). Véase, además, José A. Cuevas Segarra, Práctica Procesal Puertorriqueña Procedimiento Civil, Publicaciones J.T.S., pág. 342.
No empece lo anterior, procedemos a desestimar la apelación por los fundamentos que a continuación pasamos a exponer.
II
El apelante en el presente caso, a pesar de que certificó haber remitido copia del recurso a la parte apelada en la fecha que figura en el mismo, 11 de julio de 1995, la realidad es que se lo envió el 14 de julio de 1995, por correo certificado con acuse de recibo, es decir, dos (2) días después del último día hábil para la presentación del recurso.
Así surge de la moción del apelado solicitando de este Tribunal la desestimación de la apelación, presentada el día 28 de julio de 1995 y del sello postal impreso por el correo federal.
La Regla Núm. 14(C)(1) del Reglamento del Tribunal de Circuito de Apelaciones preceptúa lo siguiente:

"(C) Notificación de la apelación

La notificación de la presentación del escrito de apelación se efectuará mediante entrega personal, por correo certificado con acuse de recibo o por cualquier otro medio autorizado.

(1) Casos civiles

El apelante notificará con copia del escrito de apelación a los abogados de todas las partes o, en su defecto, a éstas, antes o en la misma fecha de su presentación, y certificará el haber efectuado tales notificaciones en el mismo escrito de apelación." (Enfasis nuestro)
*910 Se colige de la disposición transcrita, que la parte apelante tiene la obligación de notificar con copia del escrito de apelación a las demás partes o sus abogados en o antes de la fecha de su presentación.
De otra parte, la Regla 15(B) del mismo Reglamento provee para la desestimación del recurso si éste no cumple con los requisitos de la misma. 
Se ha resuelto por nuestro Tribunal Supremo que la notificación a la parte contraria tiene que hacerse no más tarde del último día hábil para la presentación del recurso. Dicho Tribunal ha establecido, además, que el incumplimiento de las disposiciones del reglamento de un tribunal apelativo puede servir-de fundamento para la desestimación de un recurso. Campos del Toro v. Ame. Transit Co., 113 D.P R 337 (1982); Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987).
Sobre el cumplimiento estricto que debe dársele a las disposiciones reglamentarias aplicables a los recursos apelativos, véase, Maldonado v. Pichardo, 104 D.P.R. 778 (1976). La notificación del recurso fuera del término para apelar conlleva su desestimación. Pueblo v. Miranda Colón, 115 D.P.R. 511 (1984).
Dicho requisito se considera de carácter jurisdiccional, por lo que su incumplimiento priva al tribunal apelado de autoridad para atender el recurso. González Santos v. Bourns 89 J.T.S. 107,_ D.P.R._(1989); Ortiz v Agostini, 93 D.P.R. 221 (1966)
El Tribunal Supremo ha sido riguroso al exigir el cumplimiento de todos los requisitos antes de considerar un recurso. Así lo resolvió en In re: Reglamento del Tribunal Supremo, 116 D.P.R. 670 (1985) en cuya decisión expresó:

"...todo escrito debe acreditar fehacientemente la jurisdicción de este Tribunal haciendo una relación de los trámites observados y presentando ante nos todos aquellos documentos necesarios que permitan una corroboración efectiva de la misma. Así, deberá acompañarse con el recurso copia de la sentencia, de su notificación y archivo y en aquellos casos en que se interponga moción de reconsideración y solicitud de determinaciones de hecho adicionales, también se acompañará copia de las mismas donde aparezca claramente la fecha de presentación en Secretaría y notificación a las otras partes. Asimismo, cuando un tribunal de instancia actúe sobre una moción de reconsideración deberá acreditarse tal hecho mediante copia de la orden de que se trate o del señalamiento que se hiciere, si alguno.

El incumplimiento de éstas y cualesquiera otras disposiciones del Reglamento de este Tribunal acusa desconocimiento de las mismas, cuando no su negligente o voluntaria desobediencia. Además, entre los muchos asuntos ante nos, dificulta la lectura y análisis de los recursos y promueve dilaciones indebidas, trámites adicionales y gastos innecesarios."

El requisito de notificación a la otra parte no es nada nuevo. Además, es deber de los abogados cuando aceptan una encomienda apelativa desplegar toda la preparación necesaria y la dedicación que corresponda. In re: Vélez Valentín, 124 D.P.R. 403 (1989). Más aún, la certificación de actos que luego no se efectúan en la forma en que se exponen en la misma, es conducta altamente impropia.
Por los fundamentos que anteceden se desestima el presente recurso.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaría General
ESCOLIO 95 DTA 230
1. Véase, también, la Regla 31 del referido Reglamento sobre los motivos para solicitar la desestimación de un recurso.