# 96 DTA 76

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN

MIGDALIA QUIÑONES QUIÑONES, GUILLERMO QUIÑONES VILLEGAS
CARMEN I. QUIÑONES FARGAS
Demandantes-Apelantes

v.

J. C. PENNEY, INC. Y COSMAIR CARIBE
Demandados-Apelados

Núm. KLAN-96-00007

San Juan, Puerto Rico, a 5 de febrero de 1996

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCIIN**

En la Práctica apelativa la jurisdicción no se resume. Los apelantes tienen que invocarla y creditarla toda vez, que previo a considerar los éritos de un recurso, el tribunal tiene que determinar si tiene jurisdicción para entender en el mismo. *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644, 645 (1979).

En el caso que nos ocupa los apelantes, lejos de creditar la jurisdicción de este foro apelativo para entender en los méritos del recurso interpuesto, hacen una exposición del trámite procesal que nos conduce a un sólo curso decisional, decretar su desestimación por falta de jurisdicción. Veamos.

**I**

La Regla 14(A) del Reglamento del Tribunal de Circuito de Apelaciones indica que la apelación se formalizará *"conforme a las disposiciones pertinentes de las Reglas de Procedimiento Civil o Procedimiento Criminal"*. Por su parte la Regla 53 de las de Procedimiento Civil regula el procedimiento para interponer una apelación. Específicamente la Regla 53.1, 32 L.P.R.A. Ap. III, dispone que en los casos civiles el plazo será el de treinta (30) días siguientes al archivo en autos de copia de la notificación de la sentencia. A su vez la Regla 53.2 dispone en lo pertinente que *"[el] apelante notificará la presentación del escrito de apelación a todas las partes o sus abogados de récord dentro del término para apelar en la forma prescrita en la Regla 67. Cuando la notificación se hiciere por correo, deberá hacerse por correo certificado con acuse de recibo".*

Observamos así que son dos los requisitos de naturaleza jurisdiccional para el perfeccionamiento del recurso de apelación. El primero es la presentación del escrito dentro del término de treinta (30) días siguientes al archivo en autos de copia de la notificación de la sentencia. Dicho término es jurisdiccional y por lo tanto no puede ser prorrogado por el tribunal apelativo. *Pueblo v. Miranda Colón,* 115 D.P.R. 511, 513 (1984); *González Santos v. Bourns Puerto Rico, Inc.,* 125 D.P.R. ___ (1989), **89 J.T.S. 107** a la pág. 7277. El otro requisito es la notificación del recurso a las partes adversas dentro de dicho término, habiéndose establecido en forma clara que el requisito de notificación a las otras partes dentro del plazo para apelar es de carácter jurisdiccional, José A. Cuevas Segarra, Práctica Apelativa, **Publicaciones J.T.S.** (1993), a la pág. 7; *Ramos v. Condominio Diplomat,* 117 D.P.R. 641, 644 (1986), por lo que su incumplimiento priva al tribunal apelativo de autoridad para atender el recurso, *Ortiz Rivera v. Agostini,* 93 D.P.R. 221 (1986). Es decir, el efecto de no presentar el recurso y notificar el escrito de apelación dentro de los treinta (30) días es que priva al tribunal de jurisdicción para considerar los méritos del mismo. *Id.* a la pág. 225.

Tales exigencias de naturaleza jurisdiccional fueron incorporadas con igual alcance en la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones, la que dispone en lo pertinente como sigue:

*"Regla 14. Modo de formalizar la apelación*

*(A) La apelación de cualquier sentencia en un caso originado en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, salvo aquellas apelables directamente al Tribunal Supremo, se formalizará al presentàrse un escrito de apelación en la Secretaría del Tribunal de Instancia que dictó la sentencia y cuatro (4) copias del mismo en la Secretaría del Tribunal de Circuito de Apelaciones conforme a las disposiciones pertinentes de las reglas de Procedimiento Civil o de Procedimiento Criminal.*

*.............*

*(C) Notificación de la apelación*

*La notificación de la presentación del escrito de apelación se efectuará mediante entrega personal, por correo certificado con acuse de recibo o por cualquier otro medio autorizado.*

*(1) Casos Civiles*

*El apelante notificará con copia del escrito de apelación a los abogados de todas las partes o, en su defecto, a éstas, antes o en la misma fecha de su presentación, y certificará el haber efectuado tales notificaciones en el mismo escrito de apelación.*

*..............."*

Aplicando los principios de derecho antes reseñados a la situación particular del caso que nos ocupa, observamos que el recurso instado en el caso de epígrafe interesa la revocación de una sentencia desestimatoria de la acción instada por los apelantes, la que fue emitida el 3 de noviembre de 1995. Copia de ésta fue archivada en autos y notificada el 6 de noviembre de 1995. según exponen los apelantes, una moción por ellos interpuesta *"que interrumpe el término"*, sin indicar la naturaleza de la moción ni la fecha en que fue presentada, fue declarada No Ha Lugar mediante orden que fue debidamente notificada el 4 de diciembre de 1995. A partir de dicha fecha y tomando como cierto lo expuesto en el escrito de apelación en lo que respecta a la interrupción del término para interponer el recurso, comenzó a decursar el término jurisdiccional de 30 días para presentar y notificar el mismo.

Con estos antecedentes procesales ha comparecido en autos la parte apelada mediante moción de desestimación, en la que acredita a satisfacción del Tribunal que la copia del escrito de apelación que les fue notificada fue depositada en el correo el 9 de enero de 1996, es decir, luego de haber expirado el término jurisdiccional de treinta (30) días antes indicado, el que venció el 3 de enero de 1996. Al considerar ahora el fundamento desestimatorio invocado en dicha moción a la luz de los documentos que obran en autos y el derecho aplicable, forzoso resulta concluir que habiéndose notificado el recurso fuera del término jurisdiccional disponible a tales efectos, carecemos de jurisdicción para considerar sus méritos. Como bien se ha expresado, la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse la jurisdicción que no tiene, careciendo éste de discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación,* 109 D.P R. 839, 842 (1980); *Maldonado v. Pichardo,* 104 D.P.R. 778 (1976).

## II
Por los fundamentos antes expuestos, se decreta la desestimación del recurso instado en el caso de epígrafe, por falta de jurisdicción.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General