BERNARDO VILLEGAS, demandante y apelante, *v.* SUCESIÓN DE HARRY A. Mc CORMICK, demandada y apelada; BERNARDO VILLEGAS, demandante y apelante, *v.* SUCESIÓN DE HARRY A. Mc CORMICK, demandada y apelada.

Nos. 5261 y 5279.—*Sometidos:* Abril 7, 1930. *Resueltos:* Abril 30, 1930.

*M. A. Martínez Dávila* y *Bolívar Pagán,* abogados del apelante; *R. H. Blondet* y *Luis Campillo,* abogados de varios demandados en el

caso 5261; *Carlos J. Torres* y *H. Torres Solá,* abogados de la demandada Dolores Alcaide en el caso 5279.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada presentó en estos recursos mociones de desestimación que se señalaron y se vieron con asistencia e informes de los abogados de las partes el día 7 de abril actual. Como se trata de un solo pleito y las mociones guardan tan estrecha relación, las estudiaremos conjuntamente.

De los autos del recurso No. 5261 consta que el 8 de febrero de 1928 Bernardo Villegas entabló demanda contra la Sucn. de Harry A. Mc Cormick pidiendo que se le declarara hijo natural reconocido de Harry A. Mc Cormick. Parece que se emplazó solamente a doña Dolores Alcaide viuda de Mc Cormick quien contestó oponiéndose.

Así las cosas, el 25 de abril de 1929 se presentó una demanda enmendada nombrándose en ella los componentes de la Sucesión, herederos de Mc Cormick.

El 30 del propio mes de abril la viuda presentó una moción pidiendo a la corte que dictara una orden disponiendo:

"1.—Que la demanda enmendada de 25 de abril de 1929, radicada en este caso no está en orden, por haberse radicado sin permiso de la Corte.

"2.—Que siendo el día de hoy la fecha señalada para la vista del caso, se resuelve con vista a los autos y al testamento que se acompaña, que con arreglo al Art. 127 del Código Civil enmendado por la ley de 9 de marzo de 1911, el derecho de acción del demandante contra la sucesión del finado Harry A. McCormick ha quedado terminado por no haberse ejercitado dentro de un año contra los verdaderos herederos testamentarios."

El 1 de mayo siguiente el demandante solicitó de la corte permiso para archivar una segunda demanda enmendada y la corte se lo concedió.

Se archivó en efecto la demanda enmendada. La viuda

ıa excepcionó. También los otros demandados herederos de Mc Cormick la excepcionaron alegando que no aducía hechos suficientes porque cuando se les emplazó en el pleito el derecho del demandante a pedir la declaración judicial de su reconocimiento como hijo natural había prescrito.

Resolviendo la excepción de los herederos, la corte dictó la siguiente sentencia el 8 de enero de 1930:

"Por las razones consignadas en la Resolución de esta fecha unida a los autos y que se hace formar parte de esta sentencia.

"La Corte declara que la acción en este caso, en cuanto a los demandados que han comparecido nombrados Adela McCormick de Watson por su propio derecho y su esposo James W. Watson en representación de sus menores hijos Adela, Edith y Williams Wilford Watson McCormick (siguen nombrándose los herederos), está prescrita, y declara, en su consecuencia, sin lugar la demanda enmendada en cuanto a los mismos, sin especial condenación de costas."

Contra esa sentencia interpuso el demandante recurso de apelación notificando su escrito al secretario y a los abogados de los herederos, no al de la viuda. Y por la falta de notificación a la viuda es que se pide la desestimación del recurso.

De los autos del otro recurso No. 5279 aparece que el 14 de febrero de 1930 la corte de distrito dictó otra sentencia en el mismo pleito seguido por Villegas contra la Sucesión Mc Cormick ordenando su archivo y sobreseimiento; y que notificada dicha sentencia también apeló de ella el demandante notificando en esta ocasión a la viuda y no a los herederos. Y a virtud de la falta de notificación de los herederos es que se solicita la desestimación del recurso.

¿Debió notificarse la primera apelación a la viuda? Una respuesta afirmativa se impone. El propio demandante la consideró como la verdadera parte interesada en el litigio cuando dirigió su acción únicamente en contra de ella, y aunque la sentencia apelada se dictó declarando prescrita la acción sólo en cuanto a los otros herederos, interesa a la viuda de tal modo que ya hemos visto que basándose en

la misma obtuvo que se sobreseyera totalmente en el pleito. Si la sentencia fuera revocada en apelación caería por su base el sobreseimiento.

También resulta claro el interés de los herederos en la segunda apelación. El propio demandante los hizo partes dirigiendo su acción contra ellos y la viuda en su demanda enmendada. La segunda sentencia confirma y amplía la primera. Si fuera revocada en apelación, el pleito podría continuar en cuanto a la viuda y obtener el demandante la declaración judicial de su reconocimiento que le daría por lo menos el derecho a usar del apellido paterno y le serviría de base seguramente para reclamar, con o sin éxito, su participación en la herencia. Surgiría una cuestión legal que podría envolver en pleitos a todos los herederos no obstante la primera sentencia.

En cuanto a que dada la estrecha relación que existe entre ambas apelaciones lo que falta en la primera pudiera completarse con lo que hay en la segunda y lo que falta en la segunda pudiera completarse con lo que hay en la primera, de ser posible lo aceptaríamos en bien de una determinación por sus méritos de las cuestiones envueltas, pero ni la ley, ni la práctica lo permite. Se trata de dos sentencias. Las apelaciones se establecieron separadamente y separadamente quedan reguladas por la ley que exige en cada una la notificación a todas las partes interesadas.

*Siendo ello así, la única resolución que puede dictarse de acuerdo con la ley y la constante jurisprudencia de esta corte, es declarar con lugar ambas mociones.*