MICAELA R. DE BÁEZ, demandante y apelante, *v.* LA CORTE MUNICIPAL DE SAN JUAN, SECCIÓN SEGUNDA, HON. IGNACIO CARBALLEIRA, JUEZ, demandada y apelada.

No. 5990.—*Sometido:* Enero 30, 1933. *Resuelto:* Febrero 7, 1933.

*A. Quirós Méndez,* abogado de la apelante; *L. Feliú,* abogado de la demandante en el caso principal.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En un procedimiento de desahucio iniciado por la Drug Company of Porto Rico contra Micaela R. de Báez, ante la Corte Municipal de San Juan, Sección Segunda, se dictó sentencia declarando con lugar la demanda y ordenándose el lanzamiento de la demandada de la finca que ocupaba. Solicitó la demandada la nulidad del emplazamiento. La corte municipal resolvió que dicho emplazamiento era válido, y llevado el caso a la corte de distrito por medio de un procedimiento de *certiorari,* dicha corte anuló el auto que expidiera, sosteniendo la validez del emplazamiento. La peticionaria y demandada en el pleito de desahucio, Micaela R. de Báez, apeló de la resolución de la corte de distrito, y se limitó a notificar la apelación al juez de la Corte Municipal de San Juan, Sección Segunda, contra la cual se expidió el auto de *certiorari* que fué anulado más tarde por dicha corte

de distrito. La demandante en el pleito de desahucio, Drug Company of Porto Rico, alega bajo juramento que no ha sido notificada de esta apelación y que además en julio 10, 1932, expiró la última prórroga concedida a la apelante para radicar su alegato, sin que se haya solicitado nueva prórroga ni aparezca que se ha radicado alegato alguno. Basándose en estas razones solicita la demandante la desestimación del recurso interpuesto.

De acuerdo con el Código de Enjuiciamiento Civil, la parte apelante debe notificar la apelación a la parte contraria o a su abogado. El hecho de que en un procedimiento de *certiorari* se dirija el auto a la corte inferior y se notifique al juez de los procedimientos, no implica que al establecerse una apelación se prescinda de la parte que pueda resultar afectada por la resolución que recaiga al resolverse las cuestiones planteadas en el recurso. Para que esta corte pueda adquirir jurisdicción en apelación, es necesario que se notifique el recurso a la parte contraria, y no se cumplen los preceptos del estatuto si no se notifica a la parte realmente interesada en el asunto que motiva el recurso. El Juez municipal no es la parte que tiene interés en conflicto con la demandada en el pleito de desahucio, Micaela R. de Báez. La verdadera parte contraria, la que está interesada en que no se anule el emplazamiento, para que quede en pie la sentencia dictada a su favor, es la Drug Company of Porto Rico y a ella ha debido notificarse también el escrito de apelación.

*El recurso interpuesto debe ser desestimado por carecer esta corte de jurisdicción para conocer del mismo.*