Fausto E. Arandes, demandante y apelado, *v.* Deogracias Viera et als., demandados y apelante tan sólo la Sucesión de Teodoro Viera; Eduardo Hernández Rexach et als., interventores y apelados.

Número 10985.

*Sometido:* 22 de junio de 1953. *Resuelto:* 30 de junio de 1953.

---

*Rafael Soltero Peralta,* abogado de la sucesión apelante; *F. Fernández Cuyar,* abogado de la demandada Las Monjas Racing Corp.; *Félix Ochoteco, Jr.,* abogado del demandante y apelado; *Ruiz Suria & Ruiz Suria,* abogados de los interventores apelados.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

La demandada-apelada, Las Monjas Racing Corporation, solicita la desestimación de este recurso alegando que carecemos de jurisdicción debido a que no le fué notificado el escrito de apelación radicado por los co-demandados apelantes, Amadée, Teodoro, María del Carmen y Deogracias Viera Echegaray y María Echegaray viuda de Viera.

De una certificación librada por la Secretaria del Tribunal Superior de Puerto Rico, Sala de San Juan, aparece que Las Monjas Racing Corporation radicó su contestación en este caso representada únicamente por el abogado F. Fernández Cuyar; que celebrado el juicio correspondiente se dictó en 25 de marzo de 1953, la siguiente sentencia:

"Por los fundamentos consignados por este Tribunal en el día de hoy en la Relación del Caso, Conclusiones de Hecho y de Derecho en la acción de epígrafe, se dicta sentencia declarando con lugar en todas sus partes la demanda enmendada obrante en autos, y en su virtud:

"1. Se declara que el demandante Fausto E. Arandes es el dueño exclusivo de las 369 acciones con un valor a la par de cien dólares ($100) cada acción, representadas por el certificado número 138 librado por la codemandada 'Las Monjas Racing Corporation' a favor de Teodoro Viera Sosa, no hallándose en el presente las acciones representadas por dicho certificado respondiendo del pago de deuda alguna a favor de la 'Asociación Agrícola de Hato Rey', ya que el demandante nada le adeuda a la citada codemandada.

"2. Que estando extinguida la deuda del demandante para con la 'Asociación Agrícola de Hato Rey', y que garantizaban las mencionadas 369 acciones, procede las mismas sean restituídas a su legítimo dueño el aquí demandante, por lo que se ordena a 'Las Monjas Racing Corporation', proceda a cancelar el referido certificado núm. 138 por 369 acciones y que figura a nombre de Teodoro Viera Sosa, por un nuevo certificado por igual cantidad de acciones a ser librado a favor de Fausto E. Arandes.

"3. La Secretaria de esta Sala de este Tribunal, deberá proceder a hacerle entrega a 'Las Monjas Racing Corporation' del mencionado certificado núm. 138 y a los fines de la cancelación del mismo anteriormente ordenada, debiendo a su vez 'Las Monjas Racing Corporation' hacerle entrega a la citada Secretaria de esta Sala del nuevo certificado que al efecto libre a favor de Fausto E. Arandes por dichas 369 acciones la aludida corporación, para que el mismo quede sujeto en totalidad y en igual extensión, al embargo a que están afectas las 369 acciones a ser sustituídas y trabado en el caso civil núm. 26,619 de la extinta Corte de Distrito del Distrito Judicial de San Juan, P. R., 'Las Monjas Racing Corporation' v. 'Arandes & Grovas' et als.

"4. Se le impone el pago de las costas y la suma de $1,500 por concepto de honorarios de abogado a los codemandados María del Carmen, Amadée, Teodoro y Deogracias Viera Echegaray y a María Echegaray Vda. de Viera.

"Regístrese y Notifíquese.

"Dada en San Juan, P. R., y a 25 de marzo del 1953. (Fdo.) Rodolfo Ramírez Pabón.—Juez.";

que la anterior sentencia fué notificada al Lcdo. Félix Ocho-
teco como abogado del demandante, al Lcdo. Rafael Soltero
Peralta como abogado de los herederos de Teodoro Viera,
a los Lcdos. Ruiz Suria y Ruiz Suria como abogados de los
interventores, y al Lcdo. F. Fernández Cuyar como abogado
de Las Monjas Racing Corporation; que se archivó en los
autos copias de dichas notificaciones el día primero de abril
de 1953, excepto la hecha al Lcdo. Abelardo Ruiz Suria, que
fué archivada el 31 de marzo del mismo año.   Aparece ade-
más de dicha certificación que en 28 de abril de 1953 los
demandados herederos de Teodoro Viera, representados por
su abogado Rafael Soltero Peralta radicaron escrito de ape-
lación contra la sentencia antes transcrita, certificando al
pie de dicho escrito que el mismo fué notificado por correo
al Lcdo. Félix Ochoteco como abogado del demandante y a
los Lcdos. Ruiz Suria y Ruiz Suria como abogados de los
interventores, sin que se certifique en forma alguna que dicho
escrito fué notificado al Lcdo. F. Fernández Cuyar como
abogado de Las Monjas Racing Corporation.

Los apelantes admiten que no han notificado el escrito
de apelación a la codemandada Las Monjas Racing Corpora-
tion pero alegan que ello constituye un error clerical expli-
cable y justificable y que la omisión de la notificación de
apelación a dicha codemandada debe considerarse como
una mera irregularidad y no como una falta jurisdiccional.
Aunque sin insistir mucho en ello también alegan los ape-
lantes que la susodicha codemandada no debe considerarse
"parte contraria" a los fines de la apelación interpuesta.

■ Reiteradamente hemos dicho que cuando a una
parte contraria interesada en la sentencia que en definitiva
pueda dictarse no se le notifica el escrito de la apelación
interpuesta en el caso, este Tribunal carece de jurisdicción
para conocer del recurso y procede, por consiguiente, deses-
timarlo.   *Montero* v. *Sucn. Santoni*, 55 D.P.R. 713; *Villegas*
v. *Sucn. McCormick*, 40 D.P.R. 890; *Báez* v. *Corte Munici-
pal*, 44 D.P.R. 510; *Palerm* v. *Vargas*, 41 D.P.R. 578;

*López Vda. de Gerena* v. *Sucn. Ramos,* 40 D.P.R. 780;
*Seoane San Martín* v. *Cortés,* 38 D.P.R. 874.

██ El requisito de la notificación del escrito de ape-
lación a la parte contraria (¹) lo impone la ley y por tanto
no podemos dispensar al apelante de su cumplimiento ya sea
mediante Regla o decisión. *Casasús* v. *White Star Bus Line,*
58 D.P.R. 874 (en moción de reconsideración). Hemos
dicho además que la frase "parte contraria" (*adverse party*)
a los efectos de la notificación del recurso de apelación no
se refiere a todas aquéllas que han sido partes en el caso
sino a aquéllas que puedan ser afectadas por una revocación
o modificación de la sentencia apelada. *Rivera* v. *Great
Am. Indemnity Co.,* 70 D.P.R. 825 y casos en él citados.

█ Ahora bien, ¿debe considerarse a Las Monjas Racing
Corporation una *parte contraria* a los fines de la apelación
establecida? La contestación debe ser que sí. En el caso
se litiga el derecho de propiedad sobre 369 acciones de la cor-
poración "Las Monjas Racing Corporation", representadas
por el certificado número 138 librado por dicha corporación
a favor de Teodoro Viera Sosa, causante de los apelantes.
La sentencia apelada resuelve que dichas acciones pertene-
cen al demandante apelado Fausto E. Arandes y no a los
demandados apelantes. También dispone la sentencia que
el nuevo certificado por 369 acciones que deberá ser expe-
dido por Las Monjas Racing Corporation a favor del deman-
dante apelado, quedará sujeto en su totalidad y en la misma
extensión al embargo a que están afectas las acciones a
ser sustituídas en otro pleito seguido ante la misma corte
por Las Monjas Racing Corporation contra "Arandes &
Grovas" et al. De aquí que Las Monjas Racing Corporation

---

(¹) El artículo 296 del Código de Enjuiciamiento Civil vigente dispone
lo siguiente:

"Artículo 296.—Una apelación se interpone entregando al secretario
de la corte en que fué dictada o registrada la sentencia o providencia
apelada, un escrito manifestando que se apela de ella, o de determinada
parte de la misma, y presentando idéntica manifestación a la parte con-
traria o a su abogado."

tenga interés en que prevalezca la sentencia apelada porque de resolverse en este recurso que las susodichas acciones no pertenecen al demandante Arandes, quedaría sin efecto legal el embargo por ella trabado en el otro pleito ya mencionado. Tal determinación le afectaría adversamente. Su interés en que se confirme la sentencia apelada, es similar al que tendría en el pleito seguido por ella contra "Arandes & Grovas", si allí se hubiese discutido por Viera Sosa, el título a las acciones embargadas.

Suponiendo que en aquel caso la corte inferior hubiera confirmado la validez del embargo a base de que las acciones embargadas pertenecían al demandado Arandes, y Viera Sosa hubiese apelado dicha decisión, es indudable que el apelante hubiera venido obligado a notificar dicha apelación a la allí demandante Las Monjas Racing Corporation porque la posición de ésta sería adversa a la del apelante, debiendo, por tanto, ser considerada como una verdadera *parte contraria* a los fines del recurso de apelación.

El hecho de que la sentencia apelada se haya dictado en otro pleito donde se discute directamente entre la Sucesión de Viera Sosa y Fausto E. Arandes el título sobre las referidas acciones, no varía la posición adversa a Viera Sosa asumida por Las Monjas Racing Corporation en relación con esa controversia, al embargar previamente dichas acciones como propiedad de Arandes.

*Por lo tanto, siendo Las Monjas Racing Corporation una parte contraria a los fines de la apelación interpuesta por la sucesión de Deogracias Viera Sosa, y no habiendo sido notificada del escrito de apelación dentro del término legal, procede desestimar el recurso por falta de jurisdicción.*

Los Jueces Asociados Sres. Sifre y Belaval no intervinieron.