EL PUEBLO DE PUERTO RICO, peticionario, *v.* LEONARDO GONZÁLEZ RIVERA, recurrido.

*Número:* CE-92-491          *Resuelto:* 20 de enero de 1993

*Lydia Lizarríbar Masini, Fiscal Especial Independiente, Brenda N. León Suárez, Fiscal Delegado, y Reynaldo Calderón Jiménez, Fiscal,* de la *Oficina del Fiscal Especial*

*Independiente*, abogados del peticionario; *Julio Eduardo Torres*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

Leonardo González Rivera fue denunciado[1] por infringir el Art. 201 del Código Penal, 33 L.P.R.A. sec. 4352. Como Secretario del Departamento de Recreación y Deportes, y como Gerente General de la Compañía de Fomento Recreativo, alegadamente autorizó el uso y aprovechamiento de funcionarios, vehículos y materiales oficiales para beneficio del Partido Popular Democrático (P.P.D.).

El 4 de junio de 1992 se efectuó la vista preliminar en la que se determinó la no existencia de causa probable. La Fiscal Especial Independiente (F.E.I.), Lcda. Lydia Lizarríbar, no anunció su propósito de recurrir en alzada hasta transcurridos cincuenta y seis (56) días, el jueves 30 de julio, en que presentó una solicitud al efecto. Al lunes 3 de agosto finalizaban los sesenta (60) días. El 31 de julio, mediante citación expedida por la delegada de la F.E.I., Lcda. Brenda N. León, se trató infructuosamente de notificarle para ese lunes.

Al llamarse el caso el 3 de agosto, naturalmente González Rivera no compareció. En esa ocasión la Hon. Juez Sylvia Ricard se inhibió y lo refirió al Hon. Juez José A. Torres Caraballo, quien ordenó que González Rivera fuera citado para el día siguiente.

El 4 de agosto González Rivera compareció con sus abogados y planteó que había transcurrido en exceso el tér-

---

[1] En total se sometieron veintidós (22) denuncias por infracciones al Código Penal y a las Leyes de Ética Gubernamental, Electoral y de Armas.

Se determinó causa probable para el arresto sólo en cinco (5) cargos por violación al Art. 3.2 de la Ley de Ética Gubernamental, 3 L.P.R.A. sec. 1801 *et seq.*, e igual número por el Art. 201 del Código Penal, 33 L.P.R.A. sec. 4352.

El caso ante nos se circunscribe al KVP92-0295).

mino para celebrar la vista preliminar en alzada. El tribunal, a pesar de que la F.E.I. presentó el testimonio de su investigador, agente Alvin Aponte Marrero, a los efectos de que realizó varias gestiones conducentes a citar a González Rivera el 1ro de agosto, determinó que no se había demostrado justa causa para la demora de un (1) día. Concluyó que ello no era imputable a González Rivera y que su citación a la vista preliminar en alzada el día anterior era ilegal por no haber sido expedida por autoridad judicial. Bajo ese razonamiento, desestimó (KVP92-0295).

No conforme, mediante trámite de mostración de causa, a solicitud de la F.E.I., examinamos ese dictamen.

## II

La Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en lo pertinente, dispone:

Si luego de la vista preliminar, en los casos en que corresponda celebrar la misma, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, *el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia.* (Énfasis suplido.)

Debido a que el derecho a juicio rápido aplica igualmente a esta etapa —*Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975)— en *Pueblo v. Vélez Castro*, 105 D.P.R. 246 (1976), decidimos que sesenta (60) días eran razonables para celebrar la vista preliminar en alzada. Sin embargo, nunca hemos considerado este término como inflexible ni rígido. Es susceptible de ser ampliado. Así, en *Pueblo v. Cordero Rodríguez*, 110 D.P.R. 638, 639–640 (1981), explicamos que " '[e]l derecho a un juicio rápido es una cuestión puramente relativa. Depende de muchísimas circunstancias y debe ajustarse a los consabidos aplazamientos. *Ga-*

*rantiza los derechos del acusado; pero no excluye los derechos de la justicia pública'. Pueblo v. Reyes Herrans*, 105 D.P.R. 658, 660 (1977)". (Énfasis suplido.)

■ Si el Ministerio Público no informa en la vista inicial su intención de acudir a una vista en alzada y después la solicita, debe actuar diligentemente, con arreglo a las Reglas 24(c) y 235 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. *Pueblo v. Félix Avilés*, 128 D.P.R. 468 (1991). De más está acentuar la importancia de la citación como parte del debido proceso de ley. *Pueblo v. Méndez Pérez*, 120 D.P.R. 137 (1987).

Nuestra casuística recoge algunas variantes situacionales. En *Pueblo v. Rivera Colón*, 119 D.P.R. 315, 325 (1987), resolvimos que si no se puede citar al acusado por haber cambiado su dirección sin informar al tribunal, y hubo debida diligencia para localizarlo y citarlo, el término de sesenta (60) días para la segunda o subsiguientes vistas comienzan a computarse a partir de la fecha en que fue citado. En *Pueblo v. Rivera Arroyo*, 120 D.P.R. 114, 120 (1987), indicamos que si el imputado está recluido en una institución penal, dicho término se cuenta desde la determinación inicial de inexistencia de causa probable, a menos que: (1) exista justa causa para una demora; (2) se deba a la solicitud del imputado o a su consentimiento, o (3) haya renunciado a su derecho a juicio rápido de forma expresa, voluntaria y con pleno conocimiento de causa.

■ Por otro lado, la Regla 235 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, gobierna el trámite para expedir las citaciones a imputados o testigos ante el Fiscal o ante los tribunales en cualquier procedimiento pendiente de vista o juicio. En lo pertinente, dispone:

… Cuando el fiscal … provea al tribunal el nombre y dirección de imputados o testigos, ello se entenderá como una solicitud de citación, bien para el trámite de determinación de causa … o para cualquier procedimiento pendiente de vista. *En estos casos*

*será deber del tribunal, prontamente, expedir u ordenar al se-cretario del tribunal que expida la citación o citaciones ....* (Énfasis suplido.) 34 L.P.R.A. Ap. II, R. 235.

■ Las Reglas de Procedimiento Criminal y la Ley Especial sobre el Fiscal Especial Independiente, 3 L.P.R.A. sec. 99h, no lo autorizan a citar a los imputados; sólo a testigos. Para la comparecencia de un imputado debe acudir al tribunal con el nombre y la dirección.

### III

■ En el caso de autos, a pesar de que la F.E.I. ciertamente *no* anunció en la vista preliminar que acudiría en alzada, *en tiempo* presentó una moción solicitándola y que se citara al imputado González Rivera. Reconocemos que fue presentada cincuenta y seis (56) días después, faltando sólo cuatro (4) días para expirar los sesenta (60), lo cual no es el mejor ejemplo de diligencia. Sin embargo, indiscutiblemente fue presentada *dentro* del término y, ciertamente, esos cuatro (4) días eran suficientes.

Así cualificada, aunque en el umbral del término, la actuación de la F.E.I. estuvo conforme con las normas previamente apuntadas. Luego de su solicitud, el tribunal, a tono con el deber ministerial de la transcrita Regla 235, debió expedir las citaciones. El trámite judicial burocrático no siguió su curso normal. Observamos que en la Minuta de 3 de agosto, la Hon. Juez Ricard Márquez hizo constar que el "expediente no había pasado a despacho del juez".

A la luz de todas las circunstancias expuestas, erró el ilustrado foro de instancia al interpretar que la actuación de la F.E.I., en derecho, no representó un esfuerzo suficiente para citar al imputado González Rivera y celebrar la referida vista *dentro* del término. Más aun, no creemos que pueda argumentarse persuasivamente que una tardanza de un (1) día deba ser motivo —en las circunstancias peculiares del caso— para un archivo y sobreseimiento de esta

índole. Rehusamos reducir a la tiesa matemática la función de administrar justicia.

*Se dictará la correspondiente sentencia al expedir el auto que revoque la Resolución de 4 de agosto de 1992 y que ordene el señalamiento de la vista preliminar en alzada.*

El Juez Asociado Señor Hernández Denton disiente sin opinión escrita. El Juez Asociado Señor Alonso Alonso se inhibió. El Juez Asociado Señor Fuster Berlingeri no intervino.