# 2000 DTA 153

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V**

COMPAÑIA DE FOMENTO INDUSTRIAL DE PUERTO RICO
Demandante-Peticionaria

v.

IMPROVIT PHARMACEUTICAL, CORP.
Demandada-Recurrida

Núm. KLCE-2000-00272

San Juan, Puerto Rico, a 19 de junio de 2000

Panel integrado por su Presidente, Juez Ramón Negrón Soto
y lo Jueces Jorge Segarra Olivero y Antonio J. Negroni Cintrón

Negroni Cintrón, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Mediante sentencia emitida el 8 de diciembre 1999 y notificada el 21 siguiente, el Tribunal Primera Instancia, Sala Superior de Ponce, desestimó la demanda en cobro de dinero que la Compañía de Fomento Industrial de Puerto Rico *("Fomento")* presentó contra Improvit Pharmaceutical, Corp. *("Improvit")*. Fundamentó su decisión en que la representación legal de la primera, la Lcda. Olga Marcano Benítez *("Lcda. Marcano")*, no había comparecido a la vista en rebeldía que había pautado.

A solicitud de Fomento, el 15 de febrero de 2000, el indicado Foro accedió a dejar sin efecto la anterior sentencia, pero le impuso a la Lcda. Marcano una sanción de $450.00 en beneficio del Estado y la apercibió que instauraría la sentencia, si no satisfacía la sanción dentro del término que le concedió.

Incorforme, Fomento insto el recurso de *certiorari* que nos ocupa, imputándole, en síntesis, al tribunal de instancia haber errado al *"determinar que [Fomento] y su abogado actuaron negligentemente al no asistir a la*

*vista señalada cuando el abogado sustituyente llamó en tres ocasiones al Honorable Tribunal, y viendo el aviso de Huracán, decidió solicitar la suspensión de la vista por vía telefónica."*

Toda vez que la ausencia de notificación del recurso a Improvit suscita una interesante cuestión que podría tener efectos sobre nuestra jurisdicción, debemos atenderla en primer término.

# I

En el pleito que nos ocupa, Improvit fue emplazada por edictos y no compareció en momento alguno, por lo que el tribunal de instancia pautó la celebración de una vista en rebeldía para que se dilucidaran los méritos de la reclamación que Fomento formuló contra la primera. Ante la incomparecencia de la representación legal de Fomento a la vista en rebeldía, el tribunal de instancia emitió la sentencia desestimatoria de la reclamación instada por Fomento ■ y que, posteriormente, dejó sin efecto para imponer la sancion económica ahora impugnada.

El tribunal *a quo* no le notificó a Improvit la resolución recurrida. Fomento tampoco le notificó a ésta, el recurso que presentó ante nos.

Resolvemos que la resolución dejando sin efecto la sentencia e imponiéndole la sanción económica a la Lcda. Marcano no tenía que serle notificada a Improvit. Conforme sus términos, la Regla 67.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, permite, en lo pertinente, que excepto que se trate de alegaciones en las que se soliciten remedios nuevos o adicionales o el tribunal ordenase otra cosa, no es necesario notificarle una orden interlocutoria que pueda ser oída *ex parte,* a un demandado en rebeldía que no ha comparecido en el pleito. Toda vez que Improvit es un demandado en rebeldía que no ha comparecido en autos, la orden emitida por el tribunal *a quo* dejando sin efecto la sentencia desestimatoria e imponiéndole sanciones económicas a la Lcda. Marcano es interlocutoria y no tenía que ser notificada a Improvit. Por otro lado, en modo alguno afecta los derechos de esta parte, ya que al no quedar vinculada con la decisión así tomada, Improvit no queda impedida para formular oportunamente cualquier planteamiento pertinente al asunto.

Por otro lado, aunque la Regla 33 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXII-A, requiere que se le notifique copia del recurso de *certiorari* a las partes recurridas dentro del término de treinta (30) días, debe considerarse que esta Regla presume que ante el tribunal recurrido se ha trabado una controversia entre partes antagónicas que han comparecido. La Regla no distingue ni atiende la situación particular que suscita el que una parte demandada en rebeldía no haya comparecido en el pleito, si ésta tiene que ser notificada de todos modos como requiere la Regla 33 del Reglamento de este Tribunal, *ante,* y si ello es un requisito *sine qua non* para que este Tribunal adquiera jurisdicción a los fines de adjudicar la controversia. Opinamos que no.

En primer término, si conforme sus términos, la Regla 67.1 de Procedimienlo Civil, *ante,* permite que, a menos de que se trate de alegaciones en las que se soliciten remedios nuevos o adicionales o el tribunal ordenase otra cosa, no es necesario notificarle una orden interlocutoria que pueda ser oída *ex parte,* a un demandado en rebeldía que no ha comparecido en el pleito, ningún sentido lógico tiene que se tenga que notificarle un recurso de *certiorari* para revisarla, presentado por el único afectado por esa resolución interloculoria.

En segundo lugar, los demandados en rebeldía que no han comparecido en el pleito solamente tienen derecho a que se le notifique la sentencia u orden final que dispone de las reclamaciones que se formularon en su contra y que le fueron debidamente notificadas mediante el emplazamiento. Regla 65.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Finalmente, si el dictamen recurrido no afecta al demandado en rebeldía que no ha comparecido al pleito, el hecho de que no se le haya notiticado el recurso, tampoco impide que éste pueda formular cualquier reclamo en el futuro con respecto al dictamen, de ello necesario. Véase, *Edwin Hernández Torres y Aida Carrera Coello,*

*etc. v. José Padilla Morales, etc.,* **97 J.T.S. 49.**

En la causa ante nos, el recurso presentado por Fomento dentro del término reglamentario de treinta (30) días y notificado al tribunal de instancia, no tenía que ser notificado a Improvit. La resolución recurrida era una interlocutoria que resolvía una petición que podía ser oída *ex parte* por el tribunal de instancia y que dispone únicamente de la solicitud de Fomento para que se deje la sentencia desestimatoria que dicho Foro había emitido para sancionar la incomparecencia de Fomento a la vista en rebeldía que había pautado. Al acceder a dejar sin efecto la sentencia, le impuso una sanción económica a la Lcda. Marcano como representante legal de Fomento que, obviamente, solamente afecta a esa parte. Finalmente, nada impide que, de comparecer Improvit al pleito y surgir que la resolución recurrida afecta algún derecho de esta parte, comparezca oportunamente y solicite los remedios que estime procedente.

En tales circunstancias y por los fundamentos expuestos, el que *Fomento no le haya notificado su recurso a* Improvit, no nos priva de jurisdicción para adjudicar sus méritos.

Aclarado ese extremo, examinada la resolución emitida y por los fundamentos que a continuación exponemos, expedimos el auto para modificar la resolución recurrida y dejar sin efecto la sanción económica impuesta.

## II

En la causa que nos ocupa, el tribunal de instancia le había anotado la rebeldía a Improvit por no haber comparecido al pleito, después de haber sido emplazada mediante edictos, y pautó la celebración de la vista correspondiente para el 16 de noviembre de 1999 a la 1:30 de la tarde. Percatada de que tenía señalado un examen de reválida de corredor de bienes raíces para el mismo día de la vista pautada, la representación legal de Fomento, la Lcda. Marcano, delegó en su compañero de bufete, Lcdo. Yamil Marrero Viera *("Lcdo. Marrero"),* para que la sustituyera en la vista.

El día de la vista y toda vez que se acercaba a Puerto Rico el Huracán Lenny, el Gobernador de Puerto Rico ordenó el cierre de las escuelas al medio día y adelantó la salida de los empleados públicos para las tres de la tarde. Movido por ello, en el escrito se nos indica que el Lcdo. Marrero llamó en tres ocasiones a la oficina del juez que presidiría la vista en rebeldía. En la llamada inicial, la secretaria del Juez le informó que los trabajos del Tribunal continuaban inalterados. En la segunda llamada, le indicó que las funciones del Tribunal cesarían a las tres de la tarde. El Lcdo. Marrero le indicó que él se encontraba en San Juan y que el trasladarse a Ponce podría resultar peligroso por el hecho de que las condiciones del tiempo se estaban deteriorando en el Sur de la Isla.

En su tercera llamada, el Lcdo. Marrero solicitó hablar con el Juez, pero la secretaria de éste le indicó que no estaba disponible. El Lcdo. le reiteró a ésta su preocupación porque luego de la vista, tendría que regresar a San Juan. La secretaria del Juez le indicó, entonces, que usara su mejor juicio. Ello así, ante el aviso de huracán, el hecho de que la vista era en rebeldía, que no había que notificar a otra parte y el deterioro del clima, el Lcdo. Marrero decidió solicitar que se suspendiera el caso. La secretaria del Juez le informó, entonces, que se lo informaría a éste.

Finalmente, informa en su escrito que no preparó moción alguna, ya que el personal secretarial de su oficina se encontraba recogiendo el equipo para evitar daños y el director ejecutivo de su bufete ordenó el cierre de las oficinas a las doce del mediodía.

A su regreso, el 2 de diciembre de 1999, la Lcda. Marcano presentó una moción solicitando un nuevo señalamiento, asumiendo que las gestiones que el Lcdo. Marrero Viera había realizado habían provocado la suspensión de la vista en rebeldía. El foro recurrido no acogió la solicitud, sino que emitió la sentencia desestimando el pleito, como sanción.

El 11 de enero de 2000, la Lcda. Marcano presentó una parca moción solicitando el relevo de esa sentencia. Se limitó a indicar la causa por la que no había podido asistir a la vista y envió a otro abogado para sustituirla.

El tribunal de instancia dejó sin efecto la sentencia desestimatoria, pero condenó a la Lcda. Marcano a satisfacer la sanción económica de $450.00 a favor del Estado la decisión recurrida.

## III

Los tribunales de instancia gozan de amplia discreción para gobernar los procedimientos de los pleitos que se presentan a su consideración. Al ejercer esa discreción, deben conseguir un balance justo entre el interés de que los pleitos se vean y resuelvan en sus méritos y el interés de no permitir demoras innecesarias en el trámite judicial, para evitar congestión en los calendarios y todas las controversias y gastos que ello genera a las partes. *Lluch v. España Service Station*, 117 D.P.R. 729 (1986); *Fine Art Wallpaper v. Wolf*, 102 D.P.R. 451 (1974).

En el desempeño de esa encomienda, los jueces de instancia están llamados a intervenir activamente en los procesos civiles para manejarlos y dirigirlos, de forma tal que se logre una solución justa, rápida y económica de los casos, según prescribe la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Vellón v. Squibb Mfg., Inc.*, 117 D.P.R. 838 (1986). En apoyo de esa gestión, la Regla 44.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

*"El tribunal podrá imponer costas interlocutorias a las partes, y sanciones económicas, en todo caso y en cualquier etapa, a una parte y a favor del Estado por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia."*

Como se puede observar de lo citado, la Regla permite imponer costas interlocutorias a una parte y a favor del Estado o a otra parte, si determina que ésta ha incurrido en conducta constitutiva de demora, inacción, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia, si lo estima conveniente. Su propósito es agilizar los procedimientos y evitar la congestión en nuestros tribunales. *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529, 539 (1989). Las costas interlocutorias incluyen los honorarios de abogados. *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 D.P.R. 679 (1987).

Ello así, la revisión de controversias como la que nos ocupa, requiere de un tribunal apelativo que determine si la actuación del tribunal de instancia constituyó un abuso de la discreción en la conducción de los procedimientos ante sí. Sin embargo, al realizar tan delicada función, no debe intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. Véase, *Lluch v. España Service Station, supra*; *Zorniak Air Services, Inc. v. The Cessna Aircraft Co.*, 132 D.P.R. 140 (1992).

Este Tribunal realiza ese análisis, reconociendo, de entrada, la difícil y compleja tarea que enfrentan los jueces del Tribunal de Primera instancia al dirigir los trámites de las causas que nuestra ciudadanía promueve en las salas que presiden, con el propósito de propiciar el que las partes y sus abogados sean diligentes y razonablemente rápidos en la litigación de sus causas, de acuerdo a la complejidad de las controversias, con el fin de que los méritos de las posiciones en conflicto puedan ser prontamente adjudicados.

## IV

En la causa que nos ocupa, todos los señalamientos de la parte peticionaria cuestionan la discreción ejercida por el tribunal de instancia.

Un análisis cuidadoso del trasfondo procesal antes indicado, nos convence que el tribunal de instancia no debió sancionar a la Lcda. Marcano en las circunstancias particulares antes descritas. Somos de la opinión que la Lcda. Marcano o el Lcdo. Marrero no incurrieron en conducta constitutiva de demora, inacción, obstrucción

o falta de diligencia en perjuicio de la eficiente administración de la justicia.

La vista estaba pautada para celebrarse a la 1:30 de la tarde. Habiéndose avisado la posibilidad que el Huracán Lenny afectaría la Isla y toda vez que el Gobernador de Puerto Rico y, posteriormente, el Juez Presidente del Tribunal Supremo de Puerto Rico, anunciaron que los trabajos del Gobierno de Puerto Rico y del Tribunal General de Justicia, respectivamente, terminarían a las tres de la tarde, no se justificaba sancionar a un abogado que provenía de San Juan por no haber asistido a la vista pautada para celebrarse en Ponce, en esas circunstancias. Asumiendo que la vista comenzara a la hora exacta señalada y que tomara una hora, es razonable pensar que el viaje de regreso a San Juan exponía al abogado a riesgos innecesarios durante el trayecto y que éste los quisiera evitar. Ello constituia una razón de peso para que fuera excusado por su ausencia, considerado el hecho de que se comunicó con el tribunal de instancia y trató de comunicarse con el Juez que presidía la sala a la que tenía que asistir.

Así las cosas, no podemos concluir que la conducta del Lcdo. Marrero fuese irrazonable o constitutiva de dejadez o motivada por el interés de dilatar los procedimientos.

Al tenor de la perspectiva jurídica y pragmática antes expuesta y consideradas las condiciones del tiempo imperantes el día de la vista, debemos concluir que aunque, de ordinario, los tribunales deben promover la agilización de la tramitación de los pleitos y sancionar a los abogados que obstinadamente lo dificulten o lo impidan, en las circunstancias que hemos descrito, el foro recurrido no debió sancionar la dilación procesal causada por la ausencia del Lcdo. Marrero a la vista pautada. Tampoco se justificaba la sanción a la Lcda. Marcano, pues hemos observado que ésta fue diligente en procurar que fuese sustituida en la vista.

## V

Por los fundamentos antes expuestos, se expide el auto solicitado y se modifica la resolución recurrida para dejar sin efecto la sanción impuesta.

El Juez Negrón Soto concurre con el resultado en opinión separada.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## VOTO CONCURRENTE DEL JUEZ DE APELACIONES SR. NEGRON SOTO – 2000 DTA 153

San Juan, Puerto Rico, a 19 de junio de 2000

Concurro con el resultado a que llega la mayoría de este Panel en la sentencia emitida hoy. No obstante, considero necesario expresarme sobre los fundamentos por los cuales este Foro apelativo tiene jurisdicción en este caso.

Los hechos no están en controversia. La sentencia desestimando el pleito fue emitida el 8 de diciembre de 1999 y notificada el 21 de diciembre siguiente, solamente a la demandante, aquí peticionaria. El Tribunal

recurrido ordenó que la misma fuera notificada a la demandada por edictos, ya que a esta parte se le había anotado la rebeldía, luego de habérsele emplazado por edictos y notificado a su última dirección, Apartado 1436, Juana Díaz, Puerto Rico, 00795. Sin embargo, esa notificación por edictos no se hizo. En esas circunstancias, la peticionaria solicitó oportunamente el relevo de la sentencia ▮ y el Tribunal recurrido accedió, imponiéndole a la representación legal de esa parte, Lcda. Olga Marcano Benítez, el pago de $450.00 como sanción para beneficio del Estado Libre Asociado (E.L.A.). Este dictamen tampoco fue notificado a la demandada.

Inconforme, la peticionaria presentó este *certiorari* el 15 de marzo de 2000 sin notificar del mismo a la demandada.

La Regla 65.3 de las Reglas de Procedimiento Civil, *Ibid.*, exige que se notifique el archivo de una orden o sentencia a todas las partes en rebeldía. *Valiente & Co. v. Sucn. Fuentes*, 51 D.P.R. 327 (1937), y *Falcón Padilla y otros v. Maldonado Quirós y Otros*, **95 J.T.S. 109,** pág. 6. A esos efectos, en este último caso, págs. 6 a 7, se dice lo siguiente:

*"De la referida Regla 65.3 se pueden colegir dos situaciones. Primero, cuando la parte en rebeldía por incomparecencia fuere de identidad desconocida o figurare con nombre ficticio, se efectuará la notificación de la sentencia mediante la publicación de edictos. En segundo lugar, cuando la identidad de la parte en rebeldía por incomparecencia fuere conocida, se remitirá la notificación de la sentencia a su última dirección conocida."*

Es de notar, sin embargo, que existen diferentes situaciones de hecho que pueden dar lugar a que se dicte sentencia en rebeldía por la incomparecencia de una parte cuya identidad fuere conocida. Entre estas situaciones se encuentran las siguientes: (1) cuando la parte ha sido emplazada personalmente, sin embargo, no presenta alegación alguna contra el remedio solicitado y nunca comparece en autos; (2) cuando la parte ha sido emplazada, conforme disponen las Reglas 4.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, ▮ sin embargo, no presenta alegación alguna contra el remedio solicitado y nunca comparece en autos; (3) cuando la parte en algún momento del procedimiento deja de comparecer, luego de haber comparecido en autos originalmente.

No empece, la Regla 65.3 no distingue entre esta diversidad de situaciones, sino que otorga trato igual a todas las partes de identidad conocida que se encuentren en rebeldía por falta de comparecencia en el pleito. Somos del criterio que éstas resultan ser circunstancias muy dispares que requieren tratamientos diferentes.

Debemos distinguir la situación especial en que la sentencia en rebeldía ha sido dictada contra una parte que nunca ha comparecido en autos, cuya identidad resulta conocida, pero que tuvo que ser emplazada mediante edicto (al amparo de la Regla 4.5, *supra*), por razón de que no pudo ser localizada personalmente en su última dirección conocida y se desconoce su paradero. En estos casos, el método de notificar la sentencia remitiéndola a la última dirección conocida de tal persona, resulta ser un mecanismo completamente inadecuado e inoperante. Ello, en vista de que si dicha persona no pudo ser localizada en su última dirección conocida al momento de diligenciar su emplazamiento, y se desconoce su paradero, es lógico concluir que esa persona tampoco va a recibir la notificación de la sentencia en dicha dirección.

Ante tal situación, y a la luz de todos los fundamentos previamente esbozados, establecemos como norma el que en los casos en que una parte ha sido emplazada por edictos a tenor con la Regla 4.5, *supra*, --por razón de que no pudo ser localizada en su última dirección conocida y se desconoce su paradero--, dicha parte deberá ser notificada de la sentencia recaída en rebeldía por falta de comparecencia mediante la publicación de edictos, es decir, de la misma forma en que fue notificada de la demanda en su contra. Debe advertirse que al adoptar dicha norma, se fortalece el debido cumplimiento del requisito de notificación de las sentencias, lo cual garantiza las exigencias del debido proceso de ley.

370

No hay duda de que, como indicáramos en *Pueblo v. Hernández Maldonado, supra*, la notificación y el archivo en autos de copia de la notificación de una sentencia, resulta ser una etapa crucial del proceso adjudicativo. *"La correcta y oportuna notificación de las órdenes y sentencias es requisito sine qua non de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial."* J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, **Publicaciones J.T.S.,** 1979, Vol. II, pág. 436.

Corresponde a la parte adversa velar porque se cumpla con el requisito de que se notifique correctamente a la parte perdidosa. *Ibid*, pág. 8. En este caso, no se hizo tal notificación, ya que la parte victoriosa resultaba ser la que está en rebeldía. Tampoco hay duda alguna de que la demandada, luego de haber sido emplazada, era una parte en el procedimiento, por lo que hubiera tenido que ser notificada por edictos con copia de la sentencia a su última dirección. ■*Acosta y otros v. Marietta Services, Inc. et al.,* **97 J.T.S. 47.** Como dice nuestro más Alto Foro en la resolución del 22 de diciembre de 1995, en el caso de *Falcón Padilla y otros v. Maldonado Quirós y otros,* **95 J.T.S. 124,** donde se aclara lo resuelto anteriormente en ese caso de *Falcón Padilla y otros, supra* **(95 J.T.S. 109):**

*"Cuando así resolvimos, establecimos la norma de que en los casos en que una parte ha sido emplazada por edictos a tenor con la Regla 4.5, [de Procedimiento Civil] --por razón de que no pudo ser localizada en su última dirección y se desconoce su paradero--, dicha parte deberá ser notificada de la sentencia recaída en rebeldía por falta de comparecencia mediante la publicación de edictos, es decir, de la misma forma en que fue notificada de la demanda en su contra".*

Al solicitar la reconsideración de nuestra sentencia, la parte recurrida aduce que dicha norma tiene el efecto de alterar la disposición de la Regla 65.3 (b) que exige al secretario remitir copia de la notificación del archivo de la sentencia a la última dirección conocida de la parte en rebeldía por su falta de comparecencia.

Debe quedar claro que cuando una parte en rebeldía que nunca ha comparecido al pleito, fue notificada de la demanda mediante el emplazamiento por edictos al amparo de la Regla 4.5 de Procedimiento Civil, por no haberse podido localizar en su última dirección conocida, la notificación del archivo de la sentencia deberá ser hecha de igual forma, esto es, mediante la publicación de edictos. Se requerirá, además, el envío por el secretario de copia de la sentencia a la última dirección conocida de dicha parte, según lo exige la mencionada Regla 65.3(b).

Aplicadas estas normas de derecho a los hechos del caso de marras, surge claramente que la sentencia que dejó sin efecto el Foro de instancia --sin haber sido notificada a la demandada--, no era final y firme. Por ello, la resolución dejando sin efecto esa sentencia e imponiéndole sanciones a la abogada de la peticionaria a favor del E.L.A., no requería ser notificada a la demandada. No pasemos por alto que tomando aisladamente ese dictamen desestimando el pleito, éste beneficiaba a la demandada, sólo en el caso de advenir a ser final y firme. Sin embargo, sin la demandada haber participado en esa decisión y habiendo sido ésta impugnada con razón por la demandante, según reconoció el Foro de instancia, es improcedente catalogarla como una que requería ser notificada a esa parte. Así, esa sentencia estaba sujeta a ser reconsiderada, como lo fue, hasta tanto se archivara en autos y notificara a todas las partes, conforme a derecho. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 653 (1987). Requerir la notificación de esa resolución por edictos, sin que la sentencia de instancia la hubiera sido, sería una actuación fútil. Inclusive, la sanción impuesta a la demandante no era para la demandada y sí para el E.L.A. En última instancia, la demandada, de existir fundamentos válidos, podía impugnar posteriormente su razonabilidad. *Acosta y otros v. Marietta Services, Inc. et al., supra,* pág. 880.

Sin embargo, esta determinación no resuelve lo planteado, ya que tenemos que determinar si el demandado tenía derecho a que se le notificara el recurso de revisión por ser una parte contraria, conforme a lo dispuesto en la Regla 53.3(b) de las Reglas de Procedimiento Civil. Esa notificación, de ser requerida, había que hacerla a la demandada en la misma forma que se le emplazó, ya que no había comparecido en autos. Como se dice en *Ortiz*

*Rivera v. Agostini,* 93 D.P.R. 221, 224 (1966):

> "En términos generales, hemos resuelto que parte contraria, a los efectos de la notificación del recurso de apelación, no son todas las partes en el pleito, sino aquéllas que puedan ser afectadas por una revocación o modificación de la sentencia apelada. Arandes v. Viera, 75 D.P.R. 157 (1953); Rivera v. Great American Indemnity Co., 70 D.P.R. 825 (1950); sucesores de L. Villamil & Cía. v. Solá, 22 D.P.R. 531 (1915); Galafar v. Sucesión Morales, 22 D.P.R. 491 (1915). En cuanto se refiere a codemandados, el hecho de que figuren como tales, no basta para que la apelación tenga necesariamente que notificárseles; se requiere que su interés sea adverso al que entabla el recurso. Cf. Olivera v. Sucesión González, 52 D.P.R. 884 (1938); Buonomo v. Sucesión Juncos, 27 D.P.R. 273 (1919). Una sentencia que se limita a declarar sin lugar la demanda, absuelve a todos los demandados, y para que pueda revocarse en apelación, es preciso que todos sean notificados del recurso. Nieves v. Mullenhoff, 22 D.P.R. 528 (1915); véase Candelas v. Ramírez, 20 D.P.R. 33 (1914)."

De los hechos de este caso, surge claramente que la demandada no se afectaba por la falta de la notificación del recurso, ya que la sentencia dictada había sido dejada sin efecto por el Foro de instancia y el único planteamiento de la peticionaria se refería a que le eximiera de la sanción económica que se le había impuesto a favor del E.L.A. Por ello, procede dispensar al apelante de la publicación de ese edicto. Nos parecería absurdo e irrazonable exigir esa notificación en este caso, ya que ello sería una exigencia absurda e injusta. Véase *Rodríguez Aguiar v. Syntex P.R., Inc.,* **99 J.T.S. 99.** De hecho, el costo del edicto a la peticionaria aumentaría la sanción impuesta. *"El debido proceso de ley ni el derecho coexisten para exigir cosas imposibles, absurdas, ni inútiles o innecesarias."* (Notas al calce omitidas). *Pueblo v. Andréu González,* 105 D.P.R. 315, 321 (1976). *"Rehusamos reducir a la tiesa matemática la función de administrar justicia." Pueblo v. González Rivera,* 132 D.P.R. 517, 523 (1993).

En resumen, bajo ninguna alternativa, la Regla 65.3, *Ibid.,* debe interpretarse en forma que obstaculice el trámite procesal de los casos acorde con el principio de que las reglas procesales *"[s]e interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento".* Regla 1, *Ibid.* Por todo ello, considero que este Foro apelativo tiene jurisdicción en este recurso y, como se dice en la sentencia emitida por la mayoría, las normas de derecho y la justicia requieren que se deje sin efecto la sanción impuesta a la abogada de la peticionaria y continúe el trámite procesal del caso en el Tribunal de Primera Instancia.

**RAMON NEGRON SOTO**
**Juez de Apelaciones**